### American Central Insurance Company v. Bass Bros.

#### Decided February 4, 1897.

Insurance—Award as to Amount—Waiver.

A policy of insurance provided that the amount of the loss should be ascertained by appraisement, which was done, and also that such proceeding would not waive any of the conditions of the policy. In a suit to recover the loss the company afterwards defended, denying liability on the ground of a breach of one of the conditions of the policy. Held, that they were not prevented, by so doing, from insisting on the appraisement as conclusive of the amount of the loss.

Questions Certified from the Court of Civil Appeals, Second District, in an appeal from County Court of Taylor County. The opinion shows the question certified.

*Harris, Etheridge & Knight,* for appellant.—If the policy of insurance sued on had required, as a condition precedent to a suit, that all questions arising under the policy should be first submitted to arbitrators or appraisers, the effect would have been to oust the jurisdiction of the courts and the provision would therefore have been void and of no effect. Ins. Co. v.

Clancey, 83 Texas, 113; Scott v. Avery, 5 H. L. Cases, 811; Hamilton v. Ins. Co., 136 U. S., 242; Assurance Co. v. Hocking, 2 Am. St. Rep., 562, 566, and extensive note.

But it is competent for the parties to provide for the determination of the amount of the loss as a condition precedent to the right to sue, leaving the question of liability open. See the authorities cited above.

Arbitrators can only determine the matters submitted to them, and, as to the matters so submitted, an award has the conclusive effect of a judgment, and a denial of liability or refusal to perform by one party, or by both parties, at different times, does not revive the liability on the original contract which, to the extent of the submission, is merged in the award, and the party pleading such an award in bar of a suit upon the original demand is not required to plead or prove performance. Karthaus v. Ferrer, 1 Net., 222; 2 Am. & Eng. Encycl. Law, (2d ed.), 806-813; 3 Encycl. Pleading and Practice, 149; Hynes v. Wright, 62 Conn., 323; Curley v. Dean, 4 Conn., 259; s. c. 10 Am. Dec., 140; In Re Curtis, 64 Conn., 501; s. c. 42 Am. St. Rep., 200.

If the repudiation of or failure to perform an award determining the whole question does not prevent the original cause of action from merging in the award and does not deprive either party from pleading the award, a fortiori, when the amount of the loss is the only thing submitted to the appraisers and the company concedes the validity and correctness of their finding as to this matter, and simply denies liability in respect to matters not submitted or found, it could still avail itself of the award so far as it determines the amount, and this is especially true where, in the very contract submitting the amount of the loss to the appraisers, there is a reservation of the question of liability. Oestrander on Fire Ins. (2d ed.), secs. 258-274; Walker v. Ins. Co., 35 N. Y. Supplement, 374, s. c., 89 Hun., 333; Briggs v. Ins. Co., 31 N. W. Rep., (Mich.), 616; Johnson v. Ins. Co., 43 N. W. Rep., 59; Oshkosh Match Works v. Ins. Co., 66 N. W. Rep., 525.

The above cases decide in our favor the precise question certified by the Court of Civil Appeals.

*Cockrell & Hardwicke,* for appellee.—Appellant having repudiated the alleged appraisement, denied liability, exacted proof of loss after the attempt at appraisement, etc., cannot now claim under the appraisement. Hickerson v. Ins. Co., (Tenn.), 33 S. W. Rep., 1042, and authorities there cited.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals for the Second Supreme Judicial District have certified for our decision the following question:

"Under a fire insurance policy which provided that the amount of the loss should be ascertained by appraisement (in accordance with the usual stipulations in such policies), the amount of the loss resulting to appellees in this case from the burning of their stock of goods covered by said policy

was so ascertained, but appellant refused to pay same upon the ground that it was not liable for any amount, and in bringing the suit appellees sought to recover, and did recover, a greater amount than had been so ascertained, the appellant pleading the appraisement or award as conclusive upon the amount of the loss, but also denying any liability under the policy. No such denial, however, had been made before the appraisement. The policy contained a provision to the effect that any proceeding relating to the appraisement would not waive any of the conditions of the policy, the ground upon which liability was denied being a breach of one of these conditions.

"The material question which we deem it proper to certify to your Honors for decision is:

"Did the denial of liability on the part of appellant after the amount of the loss had been ascertained by appraisement, as provided in the policy, have the effect of waiving its right to insist upon the appraisement as conclusive of the amount of the loss, such appraisement being otherwise valid if not thus waived?"

It is settled law, at least in this jurisdiction, that a stipulation in an insurance policy, by which it is agreed that the amount of the loss shall be determined by an appraisement, is valid, and that if such appraisement be made a condition precedent to the bringing of a suit upon the policy it will be enforced. (Insurance Co. v. Clancy, 83 Texas, 113; s. c. 71 Texas, 5). It was held in the case cited that the attempt to adjust the amount of the loss by agreement was not a waiver of the stipulation. A waiver may arise either by an agreement between the parties or by estoppel; but in the latter case, "the acts relied on as constituting a waiver should be such as are reasonably calculated to make the assured believe that a compliance on his part with the stipulations providing the mode of proof of loss and regulating the appraisement of the damage done is not desired, and that it would be of no effect if observed by him." Insurance Co. v. Clancy, supra.

A policy of insurance may provide that an appraisement shall be made, and that it shall only be conclusive in the event the liability of the insurer is not disputed; or it may be stipulated for such a determination of the amount of the loss without reference to the question whether the liability be contested or not. It seems to be generally held that a stipulation that the question of liability shall be determined by arbitration is contrary to public policy and void; but it is otherwise, as we have seen, as to the ascertainment of the amount of the loss. There is neither repugnancy nor inconsistency in leaving the former question to the courts when the liability is disputed, and at the same time in providing that the amount of the recovery shall be settled by arbitration.

The policy in question, as outlined in the statement of the Court of Civil Appeals does not expressly provide that in the event an appraisement is demanded it shall be equivalent to an admission of liability, or that if the liability be contested the appraisement shall go for naught. On the contrary, it provides first that "the loss shall be ascer-

tained by appraisement" without expressing any exception whatever, and then especially stipulates, that "any proceeding relative to the appraisement should not waive any of the conditions of the policy." From the latter provision we think it is to be inferred, that the parties contemplated that there might be an appraisement binding upon the parties and at the same time a denial of liability on the ground of a breach of one or more of the conditions of the contract.

There being no stipulation to the effect that the appraisement should be of no force in the event the company should contest its liability in a suit for the loss, the provision as to the appraisement was not waived by the terms of the policy; and since the appraisement did not in any manner embarrass the insured in prosecuting their suit to recover upon the policy, and since whatever labor and expense attended the appraisement would have been incurred if there was no contest of the right to recover, we think there was no waiver of the condition as to appraisement. The amount of the loss being determined, there was one issue less to be tried, and to that extent the prosecution of the suit was less burdensome upon the plaintiffs by reason of the appraisement.

We answer the question in the negative.