QUEIROLI et al. v. WHITESIDES.
(No. 6071.)

(Court of Civil Appeals of Texas. San Antonio.
Oct. 23, 1918.)

1. JUDGMENT ⊜⊶143(5)—FAILURE TO· APPEAR
—EXCUSE.

Motion for new trial, made at same term that default judgment was rendered, alleging that defendants were cited to appear November 19th, that Legislature by Acts 35th Leg. c. 91, § 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 30), effective August 1st, changed term of court so that it began October 8th instead of November 19th, and that defendants were nonresidents and had no knowledge of the change, showed sufficient excuse for failure to appear.

2. JUDGMENT ⊜⊶106(2) — DEFAULT — CHANGE
OF TERM OF ·COURT—JURISDICTION.

Although defendants were cited to appear November 19th, where act of Legislature (Acts 35th Leg. c. 91, § 2 [Vernon's Ann. Civ. St. Supp. 1918, art. 30]), effective August 1st, changing term so that it began October 8th instead of November 19th, contained a clause making all process theretofore issued returnable to term of court therein fixed, court was authorized to render default judgment on October 13th, no answer having been filed.

3. JUDGMENT ⊜⊶145(2)—DEFAULT—MERITORIOUS DEFENSE—NECESSITY.

Although defendants presented sufficient excuse for not appearing at time default judgment was rendered, court was justified in refusing to grant new trial unless it was shown that defendants had a meritorious defense.

4. EVIDENCE ⊜⊶461(1)—PAROL EVIDENCE TO
VARY CONTRACT.

Where agents by plain terms of contract bound themselves, parol evidence was not admissible to show that it was their intention to bind their principals.

5. PRINCIPAL AND AGENT ⊜⊶142—UNDISCLOSED PRINCIPAL—FACTS PUTTING THIRD PERSONS ON INQUIRY.

That defendants' contract of sale recited that the sale was of specific growing crop of a person named was consistent with the theory that the contract was one made for the purpose of binding defendants personally.

6. PRINCIPAL AND AGENT ⊜⊶146(3) — CONTRACT CREATING PERSONAL LIABILITY.

Defendants were personally liable on a contract whereby defendants sold plaintiff 10 cars of onions, although plaintiff had information on which he could have elected to sue defendants' principals.

7. CONTRACTS ⊜⊶127(2)—AGREEMENT TO SETTLE BY ARBITRATION.

Provision of contract that any dispute is to be settled by arbitration is contrary to public policy, and will not oust courts of jurisdiction.

Error from District Court, Webb County; J. F. Mullally, Judge.

Suit by H. R. Whitesides against Joe Queiroli and another. Judgment for plaintiff, motion for new trial overruled, and defendants bring error. Judgment affirmed.

Mann & Henry, of Laredo, for plaintiffs in error. George P. Brown, of Mission, for defendant in error.

MOURSUND, J. H. R. Whitesides sued Joe Queiroli and F. L. Gregory, partners doing business as Gregory-Queiroli Company, for damages for breach of a contract where-

by said defendants sold Whitesides 10 cars of onions. On October 13, 1917, no answer having been filed, the court heard evidence and rendered a judgment in favor of plaintiff for $3,825.

[1, 2] On November 27, 1917, at the same term of court, said Queiroli and the widow and children of said Gregory filed a motion for a new trial, which was overruled on December 1, 1917. In this motion it was alleged that the defendants were cited to appear November 19, 1917, and that the Legislature changed the term of court by an act effective August 1, 1917 (Acts 35th Leg. c. 91, § 2 [Vernon's Ann. Civ. St. Supp. 1918, art. 30]), so that it began on October 8th instead of November 19th; that both defendants were nonresidents and shortly after being served left the state; that they had no knowledge of the change of the time of holding court, and on November 4th Gregory, who had undertaken the management of the case, wrote to an attorney at Laredo, inclosing the citation, and asking that continuance be procured on account of the illness of said Gregory; that the attorney ascertained that judgment had already been rendered, and wired Gregory to that effect about November 7th, ·whereupon Gregory, although ill, went to Laredo, but was unable to attend to business, and died on November 21st. They further alleged their willingness to try the case during that term of the court. The act changing the term of court contained a clause making all process theretofore issued or served returnable to the term of court as therein fixed and validating all such process. In view of this provision, it appears that the court was authorized to render the default judgment at the time it did so, but, while parties are presumed to know the law, our courts have excused the failure of parties to appear when it was caused by ignorance of the law on the part of their attorneys, and have shown great liberality when a party appears by motion for new trial in time to try the case during the term at which the judgment was rendered. We conclude that the allegations show a sufficient excuse for failure to appear at the time the judgment was taken. Scottish Union Ins. Co. v. Tomkies & Co., 28 Tex. Civ. App. 157, 66 S. W. 1109; · Dowell v. Winters, 20 Tex. 796; Springer v. Gillespie, 56 S. W. 369.

[3] However, even though a sufficient excuse was presented for not appearing at the time the judgment was rendered, the court was justified in refusing to grant a new trial unless it was shown that defendants had a meritorious defense to the cause of action alleged by plaintiff.

The principal defense relied upon was that defendants were the agents of W. E. Shelton and J. N. Long in selling the onions; that Shelton and Long were the owners of the onions, and had employed the defendants to sell the same, agreeing to pay them a com-

⊜⊶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mission for their services; that defendants did not hold themselves out as the owners or sellers, but fully advised plaintiff before any contract was made that they were merely the agents of the grower and sellers. The theory of the defendants was, as shown by their motion, that if they were in fact agents, and the buyer knew it, they would not be personally liable.

[4] This theory leaves out of consideration the fact that, although persons are agents, they may contract so as to bind themselves, and when they do parol evidence cannot be received to show that, although by the plain terms of the contract they bound themselves, it was their intention to make a contract which should only bind their principals.

[5] The contract was executed by Walker & Gerks, brokers, of Rochester, N. Y., who state therein that the sale is for account of Gregory-Queiroli Company, to H. R. Whitesides, Louisville, Ky., and, in noting their acceptance on the contract, said Gregory-Queiroli Company, after its signature, is designated as "seller." The onions sold are described as follows in the contract:

"10 cars choice yellow Texas onions, at 80¢ per crate, f. o. b. Pearsall, Texas. This is a sale of specific growing crop of W. E. Shelton, Pearsall, Texas, estimated at 50 carloads. In case of crop damage, sellers may reduce quantity pro rata without penalty."

The name of J. N. Long does not appear in the contract. While the 10 cars of onions were described as part of Shelton's crop, the contract contains no intimation that in making it Gregory-Queiroli Company acted as agents for Shelton, and the recital descriptive of the onions is perfectly consistent with the theory that the contract was one made for the purpose of binding Gregory-Queiroli Company personally, as it in fact purports to do throughout. There is nothing in the contract to indicate that Gregory-Queiroli Company acted as brokers, and upon their letterheads they described themselves as "Car Lot Shippers and Distributors" of onions, cabbage, and lettuce, engaged in business at Laredo, Tex.

[6] We fail to see how the defendants could escape personal liability on such a contract, and, that being the case, it is immaterial that the buyer may have had information on which he could have elected to sue Shelton and Long. In support of the conclusion that Gregory-Queiroli Company made itself personally liable on the contract, we cite: Mechem on Agency, §§ 1170, 1176, 1408, 1422, 1423, 1424; Corpus Juris, vol. 2, p. 813, § 487; R. C. L. vol. 21, p. 847, § 27.

[7] The contract contained a clause to the effect that any dispute arising out of such contract is to be settled by arbitration, each party to name an arbitrator, and the two thus appointed to name a third in case of disagreement. Such a provision is contrary to public policy and will not oust the jurisdiction of the courts. Ruling Case Law, vol.

2, p. 360; Corpus Juris, vol. 5, p. 42, §§ 68, 69; Elliott on Contracts, § 726. There is therefore no merit in the suggestion that the failure of the plaintiff to demand arbitration constitutes a defense to the suit.

The court did not err in concluding that defendants had no meritorious defense and in declining to grant a new trial. The motion should have been refused, and such was the effect of the order of the court, although the court sustained a demurrer to it and dismissed it, instead of adjudging that it was overruled.

The judgment is affirmed.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes