This suit was instituted by appellant, W. E. Dozier, against appellee, city of Gatesville, to recover a balance of $5,594.31, alleged to be due him under a paving contract between him and appellee. The contract sued on was based on a proposal by appellant and acceptance thereof by appellee. According to the terms of such proposal appellant offered to do all the work contemplated and listed therein in accordance with certain plans and specifications upon which it was based. Such proposal was not to do the work as a whole, but was to do each separate item thereof for a specified price per unit. Fifteen different items of work were included therein and the price for the performance of each item per unit was stated. Only one of said items is in controversy in this case and the same is as follows: "6,468 cubic yards local stone from pit shown east of town for base, $1.54 per cubic yard." Said proposal was incorporated in said contract. According to said plans and specifications, which were referred to and made a part of said contract, the quantities listed in said proposal were to be construed as approximate only and to serve as a basis for the comparison of bids. In that connection it was expressly stipulated in said specifications that the quantities of the several items of work might be increased or decreased by the engineer with the concurrence of the city and contractor, provided that, in event of a variation of more than 25 per cent. of the amount of such work, it should be the duty of the contractor to determine whether such variation would be to his disadvantage before proceeding therewith, and that, if he did proceed without a readjustment of compensation, he should not be allowed any increased price per unit on account thereof. Said specifications further provided that such rock base should be laid in two courses, the first course to be four inches thick and the second course to be not less than three inches thick, and further provided:
"The engineer may increase or decrease the thickness of either course or both courses as the exigencies of the case may demand, and be shall be the sole judge as to whether it is necessary or expedient to do so. * * * Payment for macadam base shall be made on the basis of the cubic yard in place on the street."
Said specifications also provided in that connection that, if any of the material then in place on the street was in the judgment of the engineer suitable for a portion of said base, sufficient material should be added thereto to bring such base up to the grade established by the engineer. Said specifications further provided that the engineer should make monthly estimates, setting forth the approximate amount of work then performed on each of the various items listed in said proposal and the contract price and total value thereof, and that 90 per cent. of appellee's part thereof should be paid to appellant, the remaining 10 per cent. being retained as a reserve to secure complete performance of the contract. Said specifications further provided that final payment should be made only for the amount of work performed on each of said items at the price fixed for the same; that the engineer should prepare a final estimate showing the amount of such work done and the balance due the contractor therefor; that appellee should pay appellant the balance due for its part of the same in cash, and issue assessment certificates against the abutting property owners for the remainder; that appellant should accept said cash payment and said assessment *Page 132 
certificates in full, complete, and final payment for the performance of said contract. Said contract also gave the engineer the usual full, complete, and arbitrary control of the work, with power to require appellant to do extra work, to remove unsatisfactory work, to suspend work, to hasten work, and to do various other things in connection with the execution of said contract, and also gave said engineer power to declare a forfeiture of the contract and to proceed to complete the work at appellant's expense. Said specifications further provided that the engineer's interpretations thereof should govern; that said engineer should act as referee in all questions arising under the terms of the contract; and that his decision in all such cases should be final, conclusive, and binding alike upon both parties. Said specifications also contained the following:
 "Alterations.
"The right is reserved by the engineer to make from time to time such alterations in the plans or in the work as may be considered necessary or desirable to complete more fully and perfectly the said work. If such alterations should increase the cost of doing the work the contractor shall be entitled to due credit for same. And, if it should reduce the cost, then the city shall have due credit and the engineer shall make such adjustment, subject to the approval of both the city and the contractor. If either the city or the contractor fail or refuse to approve such adjustment or to abide by any and all decisions of the engineer in connection with the execution of this contract, then in that event there shall be a board of arbitration appointed, consisting of three responsible engineers, one of whom shall be selected by the city, one by the contractor, and the third by the district judge of this judicial district. The decision of the arbitrators or a majority of them shall be final, conclusive, and binding on the parties hereto and the loser in the controversy shall pay the cost of such arbitration."
Appellant in his original petition alleged that he laid in place under said contract 9,180 cubic yards of stone base; that the city had paid him according to the terms of his contract for 5,287.59 cubic yards of such base; that he had not been paid for 3,892.41 cubic yards of such base, amounting at the contract price to $5,994.31; that he was entitled to receive therefor from appellee in cash the sum of $2,916.23, and in assessment certificates the further sum of $3,078.08; that appellee had refused to pay in cash the amount owed by it and had refused to assess the remainder against abutting property owners and to issue to him assessment certificates therefor; that by reason of the premises appellee was liable to him for the entire sum so remaining unpaid.
Appellee pleaded in abatement the paragraph of the specifications under the head of "Alterations," as above quoted, and alleged that it had demanded an arbitration of the issues involved under the provisions thereof. Appellee further pleaded the provisions above referred to with reference to monthly and final estimates; the issuance of five monthly estimates and a final estimate showing that appellant had laid in place only 5,287.59 cubic yards of stone base; the payment of said estimates by appellee in full in cash and assessment certificates; that appellant accepted all the same in accordance with the terms of the contract, which provided that the same should be accepted in full settlement and discharge of all obligations of appellee thereunder; that by reason thereof appellee was not liable to appellant in any amount. Appellee further alleged that an actual physical measurement on the ground of the stone base laid in place by appellant showed that the same amounted to 5,287.59 cubic yards and no more. Appellant by supplemental petition reiterated his allegation that he had laid in place 9,180 cubic yards of stone base, and alleged that the final estimate of the engineer allowing him for only 5,287.59 cubic yards of said stone base was grossly inaccurate and untrue; that the same was not determined by actual measurement and calculation, but was arbitrarily and fraudulently fixed by said engineer; and that the same constituted such fraud on his rights as should not in good conscience and morals be allowed to stand. Appellant also made various allegations in rebuttal of appellee's claim that he had accepted the voucher issued on the final estimate in full settlement of all of his demands against appellee.
The case was tried before the court. The contract, including the original proposal and the plans and specifications, was introduced in evidence. The parties then agreed in open court that:
"Appellee offered to arbitrate the matters in controversy in accordance with said contract and agreement, and that appellant refused and still refuses to arbitrate said matters in accordance with said agreement and contract."
The parties further agreed that said contract was made and executed by the parties thereto before any work provided for therein had been done. No other testimony was introduced. The court sustained said plea in abatement and dismissed the cause. Said judgment is presented for review by this appeal.
 Opinion.
The proper disposition of this appeal requires a construction of said paragraph of the specifications entitled "Alterations." Appellant contends in this connection that the amount of stone base laid by him in excess of 6,468 cubic yards, the amount stated in the original estimate, was not an "alteration" within the meaning of said paragraph. We agree with this contention. Said specifications expressly provided that such amount *Page 133 
was an estimate only and that the amount to be actually laid could be increased or decreased by the engineer, with the further provision that, if such increase or decrease amounted to more than 25 per cent. of such estimate, appellant should determine whether the same would be to his disadvantage, and that, if he proceeded to perform the work as so varied without readjustment of compensation, he should not be allowed any increased price per unit on account of such variation. There is no contention that appellant ever raised any question about whether the variation from the estimate in the amount of stone base laid by him was to his disadvantage or not. Neither is there any contention about the fact that he proceeded to lay said stone base in place as directed by the engineer, without any claim for readjustment of compensation. Under the very terms of said specifications he was limited in his claim for compensation therefor to the sum of $1.54 per cubic yard, the compensation per unit originally agreed upon. While appellant claims that the amount of such stone base was increased slightly in excess of 25 per cent. of the original estimate, appellee claims that the amount of such base was in fact materially decreased, but not as much as 25 per cent. In neither event was there any adjustment of cost to appellant of performing the work to be made by the engineer. Consequently, there was no such adjustment to be approved or disapproved by either of the parties or to be submitted to arbitration if they disagreed.
We do not deem it necessary to determine whether such arbitration provision is limited by the terms of said paragraph as a whole to alterations within the meaning thereof, or to other provisions of the specifications with reference to changing or adding to appellant's compensation for doing the work as a whole, since no such issue is involved in fixing appellant's compensation for the stone base laid by him. If such provision is not so limited, then it applies generally to all controversies arising out of the execution of such contract, whether such controversies involve issues of law or of fact, or both. Such an agreement in an executory contract such as the one here sued on will not oust the courts of jurisdiction. The rule is stated by Mr. Page in volume 2, p. 1240, § 721, of his work on Contracts, as follows:
"It has become thoroughly settled at English law that a provision in a contract that the entire subject-matter of disputes thereunder shall be submitted to arbitration cannot be interposed as a defense to an action on the contract, and the same view has been taken by the American courts."
The rule so announced is also supported by the following authorities: American Central Insurance Co. v. Bass Bros., 90 Tex. 380, 382,38 S.W. 1119; Florida Athletic Club v. Hope Lumber Co.,18 Tex. Civ. App. 161, 44 S.W. 10, 14, and authorities there cited; Bell v. Campbell (Tex.Civ.App.) 143 S.W. 953, 956 (writ refused); Queiroli v. Whitesides (Tex.Civ.App.) 206 S.W. 122, 123; El Paso S.W. R. Co. v. Eichel (Tex.Civ.App.) 130 S.W. 922, 946, par. 21 (writ refused); 2 R.C.L. p. 360, § 11. Neither appellee's plea in abatement nor the evidence introduced thereunder discloses when its demand for arbitration was made. The terms of the agreement on this matter indicate that the offer was to arbitrate the several matters in controversy as disclosed by the pleadings of the parties herein. Such issues involve questions of law as well as questions of fact and the ultimate liability of appellee to respond to appellant's demand. Under the authorities cited, the court erred in sustaining appellee's plea in abatement.
The judgment of the trial court is reversed, and the cause remanded.