## HUNTINGTON CORPORATION, Appellant,

v.

## INWOOD CONSTRUCTION CO. et al., Appellees.

### No. 15944.

Court of Civil Appeals of Texas.

Dallas.

June 16, 1961.

Rehearing Denied July 28, 1961.

Biggers, Baker, Lloyd & Carver, Dallas, for appellant.

Fritz & Vinson, Dallas, for appellees.

YOUNG, Justice.

Appellant's suit against Inwood Construction Company was upon a written contract for the furnishing of material and labor in construction of three shopping centers (Vernon, Marshall and Texarkana), claiming breach of contract and damages of $52,383.36 for failure to construct the Marshall and Texarkana jobs according to plans and specifications and in a good and workmanlike manner. Defendant Inwood answered by first filing its plea in abatement and motion to dismiss said cause of action, alleging that plaintiff had violated terms of the contract by bringing suit prior to arbitration of the cause. On hearing of the plea, same was sustained and the cause dismissed; or at least "abated until after a final decision in the arbitration", followed by this appeal. Trinity Universal Insurance Company is made a party, perforce of having executed to defendant Inwood its performance and payment bond.

The written agreement between Huntington and Inwood was for a maximum contract price of $903,000 with provisions for cost plus fee payments until that maximum should be reached. In paragraph 5 of the contract and made a part thereof were "The General Conditions of the Contract

for the Construction of Buildings, standard form of the American Institute of Architects, Sixth addition, 1951". Article 20 of such Standard form provides: "Correction of Work After Final Payment.—Neither the final certificate nor payment nor any provision in the Contract Documents shall relieve the Contractor of responsibility for faulty materials or workmanship and, unless otherwise specified, he shall remedy any defects due thereto and pay for any damages to other work resulting therefrom which shall appear within a period of one year from the date of substantial completion. The Owner shall give notice of observed defects with reasonable promptness. All questions arising under this article shall be decided by the Architect subject to arbitration." Article 40 of the same Standard Form provides: "Arbitration.—All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of the American Institute of Architects, and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other."

Appellant had alleged that the paving on two of these three centers had failed of which it had given appellee notice in that such paving: " * * * had not met grade specifications; had not met flexible base specifications; had not met quality specifications as to asphaltic concrete; and had not met specifications to amount or thickness of asphaltic concrete required by the specifications all of which existed by reason of the acts of the Defendant Inwood in not constructing the same in a good and workmanlike manner and in accordance with the plans and specifications as undertaken in the construction contract." Also alleging

demands that Inwood: " * * * perform its obligation under the Construction Contract to deliver to Plaintiff paving at each of such sites in accordance with the plans and specifications executed in a good and workmanlike manner or to return to Plaintiff the moneys which Plaintiff had in fact theretofore paid * * *."; then concluding its cause of action in allegations, viz.: "Plaintiff would show the Court that by reason of the breach and violation of Inwood's contractual undertaking to construct the paving according to plans and specifications and in a good and workmanlike manner, Defendant Inwood has occasioned the loss and damage to Plaintiff in the amount of $52,383.36, being the amount collected therefor by Inwood purporting to deliver such paving as called for in the Construction Contract while in fact delivering to Plaintiff a paving wholly worthless and useless. That the defendant Inwood is entitled to an offset in the approximate amount of $5,500 for improvements made at the instance of the Plaintiff. Defendant insurance company having bound itself and undertaken by its bond to pay all loss and damage suffered by plaintiff by reason of the failure of Defendant Inwood, the defendant insurance company is jointly and severally liable to plaintiff for its damages, along with the defendant Inwood."

The trial court sustained appellees' motion to dismiss without any testimony; the only evidence other than their pleading being copies of the contract and above mentioned general conditions of the American Institute of Architects and their Standard Form of Arbitration procedure. Following admissions not material here Inwood denied liability on the merits of plaintiff's asserted claim; and pertinent to this suit, alleged that: "Inasmuch as the contract between plaintiff and defendant requires an arbitration decision as a prerequisite to bringing legal action and inasmuch as no arbitration decision has been rendered to support the legal action brought herein by plaintiff, plaintiff is not entitled to recover any amount from defendant."

Appellant in first point asserts error in the trial court's judgment of dismissal for absence of a prior award under arbitration "in that the executory contract requiring the parties to arbitrate all future disputes as to liability as well as damages was against public policy and void for attempting to oust the courts of jurisdiction." Upon thorough study of the record and briefs, we conclude that appellant's point should be sustained.

"A provision in an executory contract that any disputes arising out of the contract are to be settled by arbitration is against public policy in attempting to oust the courts of jurisdiction, and when such a provision is invoked for that purpose it will be held void." 6 Tex.Jur.2d § 20, et seq., pp. 56, 57, 58; citing Scottish Union & National Insurance Co. v. Clancy, 71 Tex. 5, 8 S.W. 630; American Central Insurance Co. v. Bass, 90 Tex. 380, 38 S.W. 1119; Queiroli v. Whitesides, Tex.Civ.App., 206 S.W. 122; Dozier v. City of Gatesville, Tex.Civ.App., 4 S.W.2d 131; International Brotherhood of Electrical Workers, Local Union No. 59, A.F.L. v. Whitley Elec. Service Co., Tex. Civ.App., 278 S.W.2d 560; Tejas Development Co. v. McGough Bros., 5 Cir., 165 F. 2d 276. Appellees seek to distinguish above cases, stating that in some there was no condition precedent clause or that the arbitration coverage here is limited to certain types of disputes. However, such limitations will be later discussed. These cited cases are in harmony with our statutes on arbitration (Arts. 224–249, Vernon's Ann. Civ.St.) And in this connection see 135 A.L.R., p. 79 headed "Validity of agreement to submit all future questions to arbitration". On page 80 of 135 A.L.R. it is stated: "In most jurisdictions wherein the subject has been judicially considered, the rule recognized is that, in the absence of statute to the contrary, a provision whereby parties to a contract stipulate to submit to arbitration 'any' or 'all' future disputes which may arise thereunder is invalid, or at least 'unenforceable'. The following cases (with such qualifications and explanations as are indicated in the accompanying notations) support the rule." The list includes above Texas cases.

Equally well settled, however, is the distinction between *arbitration* and *appraisements;* and provisions of the latter type (common to insurance policies) that the *amount* of any loss suffered by the insured must be determined before suit is brought will be given effect. 6 Tex.Jur.2d § 22, p. 58. This is illustrated in Scottish Union and National Insurance Co. v. Clancy, supra, where our Supreme Court approved the stipulation in an insurance policy providing for appraisement of loss or damage only; holding in part: "But here the stipulation does not divest the courts of jurisdiction, but only binds the parties to have the extent or amount of the loss determined in a particular way, leaving the question of liability for such loss to be determined, if necessary, by the courts." [71 Tex. 5, 8 S.W. 631.] See also the earlier decision of this Court (Florida Athletic Club v. Hope Lumber Co., 18 Tex.Civ.App. 161, 44 S.W. 10, 11), where in a contract for construction according to plans and specifications of the architect Silven was the stipulation that "Should any dispute arise between the parties hereto as to full compliance by the said Hope Lumber Company of all things by them to be performed under this agreement, then the said E. H. Silven shall be the final arbitrator of any such dispute, and his decision shall be final of any such matter;" the court pointing out that a distinction is to be noted "between the contract providing for the certificate of an architect, where the work is executed under the general superintendence, as to the amount of work done from time to time, and stipulating the amount to be paid by the owner, and the stipulation in the contract sued upon. In the former case the procuring of such a certificate is held to be a condition precedent to the right to sue on the contract (citations). * * * It has been held that an agreement in an executory contract to refer all matters of a dispute that may arise under the contract to arbitration will not oust

the courts of jurisdiction." A like situation is reflected in Kilgore v. Northwest Texas Baptist Educational Society, 89 Tex. 465, 35 S.W. 145, where the architect's findings determined the extent of performance and amount to be paid.

◼ In line with the rule just discussed, appellee Inwood argues that the controversy here pled falls under Article 20, above quoted of the general conditions as "conditions of work after final payment"; the provision being limited to extent and the cause of defects appearing within one year from date of substantial compliance, and to be decided by the architect or arbitrators as a condition precedent to suit for damages. We disagree. In the first place the allegations of plaintiff's petition being taken as true; 4 Tex.Jur.2d 308, they extend beyond the recitals of Article 20 (Correctional Work) and amount to charges of total failure of performance with respect to construction work on two of these paving sites; not confining the architect to amount or value of the correctional work as in the Clancy case, supra. And furthermore, Articles 20 and 40 must be constructed together, Article 40 providing that "*all disputes*, claims or questions subject to arbitration under this contract shall be submitted to arbitration * * * and this agreement shall be specifically enforceable under the prevailing arbitration law and judgment upon the *award rendered* may be entered in the court of the forum having jurisdiction." (Emphasis ours.)

◼ A well-considered and comprehensive analysis of the Texas Law on Arbitration (our statutes and decisions) is reported in Tejas Development Co. v. McGough, 5 Cir., 165 F.2d 276, 280, by Judge Sibley; the litigation involving two contracts for construction of 150 buildings and the grading and paving of streets. That contract included a general agreement for arbitration on all claims of owner or contractor; all matters relating to progress of the work or interpretation of the contract to be decided by the architect and his decision as to artistic effect to be final; but all others to be subject to arbitration under the same Article 40 of the general conditions American Institute of Architects. Concerning Article 40 it was said: "There is no clear statement that the award is to be final, but it is implied in the agreement to have judgment entered on it. It is clearly agreed that 'the decision of the arbitrators' must precede any action by either party. The two things together show that arbitration and not court trial is to settle all disputes. This is the very sort of agreement that the law says cannot be enforced so long as it is executory. The attempt to agree that it shall be specifically enforced amounts to nothing, for it cannot change the law. The agreement, however, is not wholly void as contrary to public policy, for the law favors arbitrations. It may even give damages for a wrongful breach, as we have seen. But the law does not favor unwilling arbitrations, and therefore it permits either party to make a timely withdrawal from such contracts, and even from an actual submission prior to award."

In conclusion, 6 Tex.Jur.2d § 22, p. 58 states as follows: (citing authorities) "Under common-law arbitration, it is well established that either party can revoke the submission at any time before the award is rendered. The general principle that courts favor arbitration and will indulge every reasonable presumption to uphold arbitration proceedings applies only to proceedings that have resulted in an award. Hence submission to arbitrate cannot be specifically enforced and the parties may revoke the submission at any time before the award is made."

Judgment of the trial court is accordingly reversed and remanded for trial on the issues raised by pleading of the parties.