Roy McBRIDE, Appellant,

v.

BEAUMONT CITY LINES, INC., Appellee.

No. 6389.

Court of Civil Appeals of Texas.

Beaumont.

March 29, 1962.

Rehearing Denied April 25, 1962.

Sample & Walker, Beaumont, for appellant.

Strong, Pipkin, Strong & Nelson, Beaumont, for appellee.

HIGHTOWER, Chief Justice.

Our former opinion of January 11, 1962 affirming the trial court's action in sustaining appellee's plea in abatement is withdrawn and the present substituted therefor.

Appellant, Roy McBride, quit his job with appellee, Beaumont City Lines, Inc., November 28, 1958. On November 27, 1959, he brought suit against appellee for its refusal to give him vacation pay and unpaid wages, together with attorneys' fees. The trial court, in due time and order, sustained appellee's plea in abatement and dismissed appellant's cause of action, hence this appeal.

The plea in abatement set forth, and alleged, that appellant's suit was barred by reason of his failure to comply with the following grievance provisions of a Collective Bargaining Agreement existing between the parties:

"Section 2 * * *

"First: No grievance shall be entertained or considered unless it is presented in writing—

"(a) Within ten (10) days inclusive after the incident occurred which gave rise to the controversy involving the interpretation or application of the terms of employment as herein set forth; or"

\* \* \* \* \* \*

"Second: Any grievance presented in a due and timely manner as hereinabove provided shall be taken up by the ASSOCIATION'S Grievance Committee and an official or officials of EMPLOYER designated by EMPLOYER within not more than three (3) days, after EMPLOYER receives such grievance. Within ten (10) days thereafter such grievance shall be settled or arbitration shall have been demanded as hereinafter provided. If not so settled, and if arbitration shall not have been so demanded by either party, such grievance shall be forever barred and extinguished."

These provisions were followed by rather extensive provisions providing for the

procedure and settlement of differences by arbitration in the event such differences were not worked out under the grievance provisions.

The provision providing for ten days notice was clearly complied with by appellant. Approximately two weeks after quitting his job he was informed by appellee that he had no further pay or benefits due him. This was the first knowledge appellant had of such position. Within ten days thereafter he made written demand through his attorney of his claims against appellee. Approximately twenty-five days thereafter appellee replied by letter to said attorney, the substance of said letter being to deny any and all claims of appellant.

■ The ten days notice provision having been complied with by appellant, we hold that the clear intendment of Subsection Second of Section 2 of the foregoing Grievance provisions is that after receiving proper notice it then became the duty and responsibility of appellee, if it wished to avail itself of said provisions, to present said grievance to "the ASSOCIATION'S Grievance Committee and an official or officials of EMPLOYER designated by EMPLOYER within not more than three (3) days, after EMPLOYER receives such grievance." This, according to the evidence, appellee did not do.

■ The law is clear that one seeking recovery against an employer in these circumstances must pursue the procedure prescribed by the grievance provisions of the working agreement prior to resort to the courts. Wyatt v. Kansas City Southern Railroad Co., Tex.Civ.App., 101 S.W.2d 1082. Conversely, we hold that having failed to perform the condition precedent imposed upon it by the terms of the agreement, appellee cannot be heard to urge the same as a bar to appellant's suit. Moreover, we are of the opinion that appellee, having denied liability in toto, and having wrongfully or · negligently failed to submit the grievance to the designated officials, waived its right to insist on the grievance

procedure. Connecticut Fire Ins. Co. v. Hilbrant, Tex.Civ.App., 73 S.W. 558; Delaware Underwriters v. Brock, 109 Tex. 425, 211 S.W. 779.

■ We doubt that the trial court's action in sustaining the plea was intended as an adjudication of the validity of the common law provisions of the Bargaining Agreement relating to arbitration, but in order to clarify this matter, which appellant strongly urges, and to simplify the hearing in the court below, we make this observation: The agreement seeks to compel the adjudication by arbitration of the liability of appellant to appellee, as contradistinguished from an agreement to establish by arbitration the sum of money, if any, which appellee might be entitled to claim under the terms of the Bargaining Agreement as a whole. These types of agreements are distinguished and explained in American Cent. Ins. Co. v. Bass et al., 90 Tex. 380, 38 S.W. 1119. The agreement under consideration being one to compel arbitration of liability, it cannot be urged in bar of appellant's suit inasmuch as the parties have failed to pursue the same to a final award. Tejas Development Co. v. McGough Bros., 165 F.2d 276 (5th Cir.); 6 Tex.Jur.2d Arbitration and Award, Secs. 20, 22.

The cause is reversed and trial ordered on the merits.

STEPHENSON, Justice (concurring).

I concur with the decision reached in this case, but I feel it is important to point out that Sec. 5 of Art. 7 of the Contract referred to in the opinion reads as follows:

"The decision of a majority of the Board of Arbitration shall become final and binding on the parties of this Agreement when delivered to them in writing." This provision in the Contract had the effect of ousting the courts of jurisdiction, and was therefore voidable. Not being binding upon the parties, it could not be made a condition precedent to filing this suit. The parties to a contract are free to enter into

**398**

any agreement they choose, and may make conditions precedent to filing suit, as long as such conditions do not have the effect of denying either party the right to have the matter finally adjudicated by the courts. Tejas Development Co. v. McGough Bros., supra.