

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-16-00404-CV

## IN RE GUIDEONE MUTUAL INSURANCE COMPANY

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

GuideOne Mutual Insurance Company brings this petition for writ of mandamus to compel the trial court to vacate its order denying GuideOne's Motion to Compel Appraisal and to direct the trial court to order the appraisal to proceed under the procedure authorized by contract. Because the trial court abused its discretion in denying the motion to compel, GuideOne's petition for writ of mandamus is conditionally granted.

**BACKGROUND**

This proceeding arises from a dispute between an insurance company, GuideOne,

and its insured, D.S. Patel d/b/a Western Motel, regarding payment for claimed property damage to the motel from a storm. GuideOne made two payments to Patel for the damages, but Patel contends the payments are inadequate. After Patel filed suit against GuideOne and mediation was unsuccessful, GuideOne invoked its right to appraisal pursuant to the insurance contract. GuideOne filed a motion to compel appraisal after Patel refused to voluntarily proceed with the appraisal process. After a hearing, the trial court denied the motion to compel appraisal.

**APPRAISAL CLAUSE**

In its sole issue, GuideOne argues the trial court abused its discretion by failing to enforce a contractual appraisal clause in the parties' insurance contract. Appraisal clauses, commonly found in homeowners, automobile, and property policies in Texas, provide a means to resolve disputes about the amount of loss for a covered claim. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 406-07 (Tex. 2011); *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). These clauses are generally enforceable, absent illegality or waiver. *In re Universal Underwriters*, 345 S.W.3d at 407.

Trial courts have no discretion to ignore a valid appraisal clause. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). A trial court abuses its discretion in failing to enforce a valid appraisal clause and such abuse of discretion cannot be remedied by appeal. *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 412 (Tex. 2011); *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195-96 (Tex. 2002).

Patel did not argue at the trial court, nor does he argue here, that the appraisal clause is illegal. Instead, Patel argued that GuideOne waived the ability to assert the use of the clause. GuideOne's argument before us is two-fold: first, GuideOne contends it did not waive the appraisal clause by delaying the invocation of it; and second, GuideOne argues it could not waive the appraisal clause because the insurance contract included a "non-waiver clause." Because it is dispositive of this case, we review GuideOne's second argument first.

*Non-Waiver Clause*

The insurance contract between the parties contains the following non-waiver clause:

> **12. Waiver or Change of Provisions.**
>
> This policy contains all of the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent.
>
> This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

Non-waiver clauses are generally considered valid and enforceable. *See American Cent. Ins. Co. v. Bass*, 38 S.W. 1119, 1119-20, 90 Tex. 380 (1897); *Breof BNK Tex., L.P. v. D.H. Hill Advisors, Inc.*, 370 S.W.3d 58, 66 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *accord A.G.E., Inc. v. Buford*, 105 S.W.3d 667, 676 (Tex. App.—Austin 2003, pet. denied). *See als*o *In re GuideOne Nat'l Ins. Co.*, No. 07-15-00281-CV, 2015 Tex. App. LEXIS 10138, at *7 (App.—Amarillo Sep. 29, 2015, orig. proceeding) (mem. op.). There is nothing in the

record before us, and Patel does not argue otherwise, that indicates GuideOne issued an endorsement waiving the appraisal clause.

In response to GuideOne's argument regarding the non-waiver clause, Patel does not argue that the non-waiver clause is not part of the contract or that the clause is not valid. Rather, Patel argues that because the appraisal clause was unilateral, *i.e.*, that only GuideOne could invoke the appraisal process, the appraisal clause was more like an option that would not change the policy if GuideOne chose not to exercise it.

In support of this argument, Patel relies on a footnote by the Dallas Court of Appeals in *In re GuideOne Nat'l Ins. Co.*, No. 05-15-00981-CV, 2015 Tex. App. LEXIS 9079, at *2-3 n.2 (App.—Dallas Aug. 27, 2015, orig. proceeding) (mem. op.). In that footnote, the Dallas Court refused to consider GuideOne's non-waiver clause argument solely because GuideOne relied on this Court's decision in *In re Certain Underwriters at Lloyds*, 10-11-00263-CV, 2011 Tex. App. LEXIS 8151 (Tex. App.—Waco Oct. 12, 2011, orig. proceeding) (mem. op.). In *In re Certain Underwriters*, after finding the insurer did not unreasonably delay in invoking the appraisal clause,[1] we held that the issue of waiver of the appraisal clause was "immaterial" because the insurance policy contained a non-waiver provision and thus, did not allow for the waiver of the appraisal clause. *Id*. *30. The Dallas Court found this Court's decision to be distinguishable because under the policy being construed, appraisal was a condition precedent to filing suit and allowing

---

[1] Unreasonable delay is one of the two prongs needed to establish a waiver of an appraisal clause.

the case to proceed without an appraisal would modify the terms of the policy. *See In re GuideOne Nat'l Ins. Co.*, No. 05-15-00981-CV, 2015 Tex. App. LEXIS 9079, at *2-3 n.2 (App.—Dallas Aug. 27, 2015, orig. proceeding) (mem. op.). Without citing authority, the Dallas Court determined that, in its case, the appraisal clause was merely an option available only to the insurer and an intention by the insurer not to exercise the option would not alter the terms of the policy. *Id.*

However, since the Dallas Court of Appeals issued its opinion, the Amarillo Court of Appeals squarely addressed a non-waiver clause argument in a case where the insurer was the only party to the contract with the ability to demand an appraisal.[2] *In re GuideOne Nat'l Ins. Co.*, No. 07-15-00281-CV, 2015 Tex. App. LEXIS 10138 (App.—Amarillo Sep. 29, 2015, orig. proceeding) (mem. op.). Rather than rewriting the contract to convert the appraisal clause into an option as the Dallas Court did, the Amarillo Court noted that insurance contracts are construed to ascertain the parties' intent, and the language in the policy is presumed to reflect the intentions of the parties. *Id.* at *6. It further noted that when reviewing a contract, the reviewing court must strive to honor the parties' agreement and not remake their contract. *Id.* Keeping these principles in mind, the court determined that it could not "ignore language in the contract simply because we or one

---

[2] Also since the Dallas Court of Appeals issued its opinion, the Courts of Appeals in Houston favorably addressed non-waiver clause arguments by the insurer where both parties could invoke the appraisal process. *See In re Liberty Ins. Corp.*, 496 S.W.3d 229 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *In re State Farm Lloyds*, No. 14-16-00696-CV, 2017 Tex. App. LEXIS 173 (App.—Houston [14th Dist.] Jan. 10, 2017, orig. proceeding) (mem. op.).

of the parties comes to dislike the provision or thinks that some other action is intended." *Id*. at *7-8. The court decided that the parties chose the language when the decision to enter into the insurance contract was made, and the court would not "change that language at this late date." *Id*. at *8. Based on these determinations, the court held that the trial court "clearly abused its discretion by refusing to enforce the contract according to its terms[,]" and by failing to compel compliance with the appraisal process provided for in the contract. *Id*.

**APPLICATION**

We agree with the reasoning of the Amarillo Court. We cannot ignore the language of the insurance contract between the parties in this case. The policy provides that its terms can only be waived by endorsement issued by GuideOne and made a part of the policy. There is no indication in this record that an endorsement waiving the appraisal clause was issued and made a part of the policy. Also, Patel does not argue the non-waiver clause is invalid. Patel essentially argues that we should modify the language in the contract. We decline the invitation to rewrite the agreement of the parties. We hold the non-waiver clause is valid. Further, because the non-waiver clause is valid, and based on the undisputed facts in this case, any issue of waiver of the appraisal clause argued by Patel in the trial court is immaterial. *See In re Certain Underwriters at Lloyds*, 10-11-00263-CV, 2011 Tex. App. LEXIS 8151, *29 (Tex. App.—Waco Oct. 12, 2011, orig. proceeding) (mem. op.). Thus, the trial court abused its discretion in refusing to grant

GuideOne's motion to compel appraisal, and GuideOne's sole issue is sustained.

**CONCLUSION**

Accordingly, GuideOne's petition for writ of mandamus is conditionally granted. We are confident the trial court will vacate its order denying appraisal and promptly enter an order consistent with this opinion. The writ will issue only if the trial court does not take the appropriate action within 14 days from the date of this opinion.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Pet. conditionally granted
Opinion delivered and filed May 3, 2017
[OT06]

