## ZAMORA v. ZAMORA et al.

No. 4813.

Court of Civil Appeals of Texas. El Paso.

May 31, 1951.

Rehearing Denied July 25, 1951.

636

Kelley, Looney, McLean & Littleton and Van N. Culpepper, all of Edinburg, for appellant.

Deane C. Watson and Rankin, Kilgore & Cherry, all of Edinburg, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Hidalgo County. Guadalupe Garza Zamora, joined by all the other heirs of Maria Ignacia Zamora de Garza, save and except Felicitas Garza Zamora and her husband, as plaintiffs sued the said Felicitas Garza Zamora and her husband, seeking a declaratory judgment as to the attempted partition of the estate of Maria Ignacia Zamora de Garza. The defendants plead in abatement to the suit of plaintiffs and urged certain exceptions thereto. On a pre-trial hearing the court sustained the plea in abatement with special exceptions urged and the plaintiffs declining to amend, dismissed the suit. This appeal was perfected from the order of dismissal.

As stated, this litigation is between the heirs of Maria Ignacia Zamora de Garza. One of the plaintiffs, who was an heir of the said deceased Maria Ignacia Zamora de Garza was likewise the administrator of her estate. Plaintiffs alleged in substance that plaintiffs and defendants had all joined in an agreement whereby it was agreed that Guadalupe Garza Zamora be appointed the Commissioner to partition the estate of Maria Ignacia Zamora de Garza among her heirs, the parties to such contract. A copy of this contract was attached to the plaintiffs' petition. There was also attached to plaintiffs' petition a deed in which all the plaintiffs joined Guadalupe Garza Zamora, signing the deed by virtue of being an heir and by virtue of the authority purported to be conferred upon him by the agreement between the heirs naming him commissioner for partition. This deed purported to partition to Felicitas Garza Zamora share No. 8 containing 69.96 acres. The nine portions into which the lands were divided were each specifically described in the deed.

Felicitas Garza Zamora and her husband declined to execute the deed and repudiated the partition sought to be consummated thereby. They claimed share No. 3, which was by the said deed purported to be partitioned to Jesus Garza Zamora. They asserted in their answer that Guadalupe Garza Zamora had verbally partitioned that tract to them.

The instrument appointing Guadalupe Garza Zamora commissioner to partition the land recites that he should have power to determine the amount that each was entitled to receive from their mother's estate, and to make distribution to each. It was recited that each was entitled to an undivided one-ninth interest in the estate. He was to prepare the necessary field notes and instruments to effectuate the partition. All agreed to be bound by the judgment of Guadalupe Garza Zamora with reference to the partition of the estate.

In substance the plaintiff's petition sought to have it declared that the partition as attempted by the deed of Guadalupe Garza Zamora, joined by all of the heirs other than defendants, was valid in law and a valid and binding partition of said lands. In the alternative it was stated in the petition that plaintiffs sought specific enforcement of the agreement to partition.

By way of abatement the said defendants plead the agreement for partition and made the agreement for partition attached

to plaintiffs' petition a part of their plea; further that in conformity with the agreement Guadalupe Garza Zamora caused said property to be surveyed and had the lines thereof established upon the ground; that Guadalupe Garza Zamora made an oral partition by granting, giving and telling the defendants that their share of the property belonging to the estate in San Salvador del Tule Grant in Hidalgo County would be tract No. 3, as denominated in the partition deed described in and attached to plaintiffs' original petition; that in pursuance of such partition the defendants entered upon and took possession of Tract No. 3 some time during the latter part of October or during the month of November, 1949; further that approximately a year after the date that they entered into possession of tract No. 3 Pablo Garza Zamora, the Administrator of the estate, instituted in the County Court a proceeding to divest these defendants of the possession of said tract No. 3; thereafter, upon motion of the said Pablo Garza Zamora said suit was dismissed and these defendants remained in possession of tract No. 3; that defendants under said oral partition which was prior to the execution of the purported partition deed, had entered into possession of said tract No. 3 and that when they so entered into possession a justiciable cause of action had arisen and existed, and exists, and the court does not have jurisdiction to issue a declaratory judgment in such a case; that there is a legal remedy open and available, ample and adequate. By way of special exception defendants urged that the plaintiffs' petition stated no cause of action in that it seeks to have declared as valid a certain agreement for the purpose of partitioning the personal and real property of the estate of Maria Ignacia Zamora de Garza, and further to declare valid a certain deed executed by Guadalupe Garza Zamora as a partition deed under and by virtue of the agreement of partition, and to declare that these defendants have no right, title or claim or interest in and to tract No. 3 as designated in plaintiffs' original petition for the reason that prior to the execution

of said partition deed a cause of action at law had already matured and the customary processes of law were open and available, ample, adequate and unhampered to these plaintiffs, and the court does not have the right to declare the rights of the parties under said instrument; that plaintiffs should and must institute proceedings in courts with the actions available to them in law. The order of the court purports to sustain the plea in abatement and also the exception urging that the court had not the power to enter the declaratory judgment because there is vested in the courts the jurisdiction and power to enter an authoritative or coercive judgment rather than a declaratory judgment. In our opinion, if the action of the trial court may be sustained herein it was a matter within its discretion to entertain or refuse to entertain a suit for a declaratory judgment.

The appellants assail the judgment of the trial court on the ground that (1) the court erred in holding that declaratory relief was not a proper remedy under the facts alleged; (2) that the court erred in holding (as to plaintiffs' alternative plea) that specific performance was not a proper remedy under the facts alleged.

Determinative of this case on its merits would have been a decision whether or not the purported partition deed joined in by all the parties except the defendants, effected a legal partition of the land. Of course it did not effect a partition unless it amounted to an act valid in law binding on all the parties hereto. An attempted partition not binding on all the cotenants is not a valid partition. 32 Tex.Jur. pp. 152–154, par. 7; Joyner v. Christian, 131 Tex. 274, 113 S.W.2d 1229.

If the deed was a valid partition and so declared it settled the case. If it did not, the land remained unpartitioned. Defendant relied on a verbal partition, by the Commissioner named in the contract, to them of tract No. 3, described in the purported partition deed. There was no way to localize the title of defendants in tract No. 3 unless the title of each of the other eight heirs was localized in the tract or tracts of lands sought to be par-

titioned. The basic question was as to whether or not there had been a legal localization of the title of the tenants in common. Of course plaintiffs had an alternate plea for specific performance by the defendants of the contract providing for the partition. Defendants have agreed to join the other heirs in any partition made by the Commissioner, Guadalupe Garza Zamora. The contract purported to give Guadalupe Garza Zamora the power to partition the land between the other eight heirs and himself.

In 1943 the State of Texas adopted the Uniform Declaratory Judgments Act. See Acts of 1943, 48th Legislature, p. 265, ch. 164. In Vernon's Civil Statutes, Art. 2524–1. This Act is divided into sixteen sections. Article 1 of Section 1 is as follows: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

Section 2 of the aforesaid Article would seem to confer upon the District Court the legal power or the jurisdiction to determine the effect of the partition deed.

The existence of another adequate remedy does not bar the right to maintain an action for declaratory relief. Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837, affirming Tex.Civ.App., 185 S.W.2d 133.

Section 6 of the aforesaid Article provides: "The Court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Tex.Jur. 10 Year Supplement, Vol. 4, par. 12; Town of Santa Rosa v. Johnson, Tex.Civ.App., 184 S.W. 2d 340; Railroad Commission v. Houston Nat'l Gas Corpn., Tex.Civ.App., 186 S.W. 2d 117, (Wr. ref.).

Section 6 of the Article in question certainly gives the court some discretion as to whether or not it exercises the jurisdiction conferred by law. Such discretion, in our opinion, cannot be an arbitrary discretion, but must be limited and controlled by the provision of Section 6.

The court recites in its judgment that in the opinion of the court that under the facts alleged in plaintiff's first amended original petition the said plaintiffs do not have a proper cause of action for declaratory relief or for specific performance, and that trespass to try title is the proper cause of action.

Jurisdiction, the duty and power to act, does not depend upon the petition stating the cause of action. Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810. The determination of this question is conferred upon the court. The decision is a judicial function and entails the exercise of jurisdiction.

Further, in the alternative, the petition of plaintiffs herein sought consequential relief. A decree of specific performance is consequential or coercive.

Plaintiffs' pleading seeking such relief was not as full and complete as it might be, but it did set forth the contract between the parties which contained a provision in substance that the parties to the contract, among whom was the defendant, would join in a partition deed. The sole question in this case is one of partition. If there has not been a partition the court has power under proper pleadings to decree a partition. This case was tried under a wrong theory.

It is ordered that the judgment of the trial court be in all things reversed and the cause remanded and reinstated on the docket for trial.