Ronald C. DRESCHER and Betty Drescher, his wife, and Robert Treat Savings & Loan Association, a corporation of New Jersey, Plaintiffs,

v.

EXCELSIOR INSURANCE COMPANY OF NEW YORK, a corporation of New York, Central Mutual Insurance Company, a corporation of Ohio, and Centennial Insurance Company, a corporation of New York, Defendants.

Civ. A. No. 738-59.

United States District Court
D. New Jersey.

Nov. 4, 1960.

Sandles & Sandles, by Lester Sandles, Newark, N. J., for plaintiffs.

Joseph P. Rose, Newark, N. J., for defendants.

HARTSHORNE, District Judge.

This is an action for fire losses based on various fire policies. Under the appropriate clause in the policies, plaintiffs sought to have an appraisal of the loss. Defendants have refused to appoint an appraiser and assert that an appraisal would here be inappropriate.

Plaintiffs thereupon moved for partial summary judgment on the sixth count of their complaint wherein they seek appointment of an appraiser for the

defendants. Under the appropriate statutory clause in New Jersey, N.J.Stat. 17:36–5.20, this Court, sitting in this diversity case, can appoint a disinterested umpire where the appraisers for both sides cannot agree on one. The refusal of the defendants to appoint an appraiser in effect amounts to the failure of the parties to select the disinterested umpire which is essential to the appraisal proceedings and it is the appointment of this individual that the Court would order. See Saba v. Homeland Ins. Co. of America, 1953, 159 Ohio St. 237, 112 N.E.2d 1. The defendants, of course, would still have the right to name an appraiser to protect their interest.

■ The first hurdle to be surmounted is the propriety of this Court's enforcing the appraisal clause in the policy as against the insurer. Ohio favors such enforcement, while New York does not. See *Saba,* supra, and Happy Hank Auction Co. v. American Eagle Fire Ins. Co., 1946, 1 N.Y.2d 534, 154 N.Y.S.2d 870, 872, 136 N.E.2d 842. This Court finds the Ohio rule preferable. The companies, having drawn the clause and being in a position to derive benefits therefrom, must reciprocally have such clause enforced against them. Indeed, in *Happy Hank,* Judge Desmond, in stating

> "* * * but this Court is so far committed on the question that remedial action must come from the Legislature * * *."

implies that the New York rule, while long established, is not ardently supported.

The defendants at oral argument raised two further objections to an appraisal proceeding in this case, (1) that there was a total loss, and (2) that, since an appraisal is not an arbitration, there is nothing to require that notice be given of the appraisal hearings, that the testimony be under oath, etc., so defendants might be prejudiced thereby. But none of these objections has validity.

■ That an appraisal will lie where there is a total loss, see Stout v. Phoenix Assurance Co. of London, 1904, 65 N.J.Eq. 566, 56 A. 691. From the common sense angle it is further clear that, regardless of whether any chattels remain to be inspected, that does not affect the giving of evidence by witnesses as to their knowledge of the value of what was destroyed. Apart from the issue as to the quantum of damage, all liability issues and questions can be raised by the insurance companies for determination by this Court. This is quite in addition to the fact that the Board of Appraisers will include a representative selected by the defendants if they adhere to this Court's decision. Certainly, as in the *Stout* case, the appraisers in a total destruction case should give notice to the parties and let them, in each other's presence, present their respective positions, and this Court will insist that the proceedings be conducted in such a manner. Thus the defendants' fears as to the propriety of the appraisal are unwarranted. The very purpose of the appraisal clause is to avoid delay and confusion at trial on the issue as to the amount of damage, as distinguished from the issue of whether defendants are liable for such damage. Since both sides thus have the right to the appraisal, defendants have no right to prevent plaintiffs, the insured, from obtaining the appraisal which they have demanded.

Plaintiffs' motion for partial summary judgment requesting the appointment of an appraiser for the defendants will be considered, as noted earlier, as a request for the appointment of a disinterested umpire and such will be granted. The action will be stayed pending the completion of the appraisal proceedings.

An order may be entered accordingly.