115 N.J. Super. 11 (1971)
277 A.2d 897
HALA CLEANERS, INC. t/a ONE HOUR MARTINIZING, PLAINTIFF,
v.
SUSSEX MUTUAL INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 21, 1971.
Mr. James G. Leonardson for plaintiff (Messrs. Stein, Bliablias and Goldman, attorneys).
*12 Mr. Samuel A. Gennet, for defendant (Messrs. Gennet & Methfessel, attorneys).
HERBERT, J.S.C.
Plaintiff claims that certain fire losses are covered by a policy issued to it by defendant. Before me now is plaintiff's application for the appointment of an umpire pursuant to lines 131 and 132 of that policy. Those lines and the entire section dealing with the subject of appraisal are found in the standard form of fire insurance contract which is incorporated in our statues. N.J.S.A. 17:36-5.20.
Plaintiff has appointed an appraiser, but defendant has not honored plaintiff's request that it name one. There has, of course, been no appointment of an umpire by appraisers named by the parties. Defendant opposes plaintiff's application. It points out that liability under the policy is disputed and argues that the suit which plaintiff must bring to establish a right to be paid at all can include appropriate issues concerning the dollar value of losses sustained. Though recognizing the need of a suit to establish liability, plaintiff takes the position here that it is entitled to have the amount of its loss established under the policy provisions labeled "Appraisal" and found in lines 123 through 140, and that such method of determining loss is available to it as a matter of right even though it might choose as an alternative to raise issues of liability and damage in a single suit on the policy.
I have not been referred to any precedents in the New Jersey courts, and have found none. A case in point is Saba v. Homeland Ins. Co., 159 Ohio St. 237, 112 N.E.2d 1, 44 A.L.R. 2d 841 (Sup. Ct. 1953). There the court affirmed appointment of an umpire by a lower court. The application had been made by the insured after the Homeland company had refused to name an appraiser. The language in each of four policies involved was that of the widely-used standard form and identical with that found in the policy issued by defendant Sussex to plaintiff Hala Cleaners.
*13 The following comments from the majority opinion of the Ohio Supreme Court are convincing:
The defendants in the instant case contend that the appraisal provisions are binding on the plaintiff insured but not on themselves as insurers. They urge that the provisions are revocable by themselves but not by the plaintiff insured.
The above quoted language of the policies is in part that "in case the insured and this company shall fail to agree as to the actual cash value or the amount of the loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand." (Italics supplied.) This provision is not an involved one, the words are simple, and the meaning is clear. Appraisers are to be selected on the demand of either party. In none of the policies is there the slightest intimation that the selection is to be made on the demand of the insurer and not on the demand of the insured. If this were the import of the provision, there could be no excuse for the use of the word "either."
This view is sustained by the succeeding word "each." There is no suggestion that the insured alone shall select an appraiser on demand. As indicated by Ballentine's Law Dictionary, the obvious meaning of the word "each" is "every one of the two or more comprising the whole."
Nor is there doubt about the use of the next succeeding word "shall." It clearly is employed in its ordinary mandatory sense. Furthermore, there is nothing in the context to warrant an inference that the word is used in a mandatory sense as to the insured alone and not as to the insurer. The provisions are not revocable by either.
Hence, unless these words are held to signify the exact opposite of their obvious meaning, the appraisers must be selected when demanded by the insured or by the insurer. [112 N.E.2d at 2-3, 44 A.L.R.2d at 844]
Saba was cited and followed in Drescher v. Excelsior Ins. Co. of N.Y., 188 F. Supp. 158 (D.C.N.J., 1960).
My conclusion is that an insured as well as an insurance company can insist that the appraisal procedures described in the standard form of fire policy be followed.
In both Saba and Drescher the remedy applied was the appointment of an umpire. Although the contract language gives to a court the power to so appoint, it is my judgment that it is more appropriate at the present stage to order defendant Sussex to follow the contract and name an appraiser. *14 There is no indication that Sussex  subject to any right of appeal of course  will not obey such an order. Then, if two appraisers cannot agree upon an umpire, one can be appointed by court order, and jurisdiction will be retained for that purpose. This form of relief is comparable to the remedy authorized by statute in cases of strict arbitration (N.J.S.A. 2A:24-3); and see Fitzgerald v. Continental Ins. Co., 275 App. Div. 453; 90 N.Y.S.2d 430 (App. Div. 1949).