STANDARD FIRE INSURANCE COMPANY, Appellant,

v.

Melvin L. FRAIMAN d/b/a Jamaican Apartments, Appellee.

No. 1015.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 18, 1974.

Tom A. Connally, Fulbright & Crooker, Houston, for appellant.

Julius Glickman, Houston, for appellee.

TUNKS, Chief Justice.

In this suit for declaratory judgment, the principal issue is whether an insured can enforce the appraisal provision of the Texas Standard Fire policy against an unwilling insurer.

Appellant, Standard Fire Insurance Company, had issued to the appellee, Melvin Fraiman, a Texas Standard policy, which insured Fraiman's apartments against fire and other perils. The apartments were damaged by fire on December 4, 1972, and January 29, 1973. Fraiman timely filed proofs of loss for each fire and demanded that appellant insurer appoint an appraiser to determine the replacement cost of the damaged apartments. Appellant refused to do so, and Fraiman filed this declaratory judgment action to determine the rights of the parties under the appraisal provision. Following pre-trial discovery, Fraiman filed a motion for summary judgment. The insurer admitted that the parties had been unable to agree as to replacement cost of the damaged apartments, and all other facts relevant to the construction of the appraisal clause were established without controversy. Prior to the hearing on the motion for summary judgment, Standard Fire filed a "Notice" in which it specifically revoked any express or implied consent to enter into an appraisal. On January 31, 1974, the trial court entered its judgment declaring that Fraiman was entitled to an appraisal and that the insurer was legally bound to appoint an appraiser according to the provisions of the policy. The court directed Standard Fire to appoint an appraiser within seven days of the date of the judgment and retained jurisdiction of the cause pending an award in order to appoint an umpire if the appraisers failed to agree as provided in the policy.

The main contention of Standard Fire Insurance Company in this appeal is that the appraisal provided for in the policy is an arbitration proceeding, which is unenforceable in Texas by statute. Vernon's Tex.Rev.Civ.Stat.Ann. art. 224 (1973).

Hence it is argued that the policy provision is enforceable only according to the common law principle that an agreement to enter into an arbitration may be revoked by a party to it at any time before an award is made. The appellant distinguishes from the case at hand the situation where an insurer asserts as a defense to the insured's cause of action the failure of the insured to first submit his claim to an appraisal proceeding, which the insurer may insist upon as one of the conditions precedent to the insured's lawsuit on the policy. It is argued that neither party may compel the other to submit to an appraisal proceeding since there is an adequate remedy at law. Standard Fire asserts that it waives the right to raise as a defense Fraiman's failure to seek an appraisal and that he should be relegated to the remedy of filing a lawsuit for money damages.

Standard Fire's second point of error on appeal is that there are issues of fact which the declaratory judgment does not decide and which can only be determined when the lawsuit on the policy is tried. Appellant points out four main areas of dispute which the summary declaratory judgment will not determine: whether the fire policy covers the contents of the apartments, whether Fraiman complied with the policy provision requiring him to protect his property from further loss, whether Fraiman used due diligence in making repairs, and whether Fraiman should suffer a co-insurance penalty.

The legislatively mandated appraisal clause found in the Texas Standard Fire policy is not a provision for arbitration. Therefore, the provision in Article 224 of the Texas Revised Civil Statutes excluding arbitration agreements in insurance contracts from its scope is inapplicable to the facts of this case. The Texas Supreme Court in 1888 noted the distinction between arbitration and appraisement. Scottish Union & Nat. Ins. Co. v. Clancy, 71 Tex. 5, 8 S.W. 630. In that case, the insurer made written demand upon the insured for an appraisal of a fire loss as

provided in the terms of the policy. The Texas courts denied the insured recovery in his suit brought on the policy because he had failed to comply with a condition precedent (submission to appraisal) to his right of action. The court stated:

> If the stipulation was to deny or repudiate the jurisdiction of the courts to determine the rights and liability of the parties arising upon the contract, we would hold, with the weight of the authority, such stipulation void. But here the stipulation does not divest the courts of jurisdiction, but only binds the parties to have the extent or amount of the loss determined in a particular way, leaving the question of liability for such loss to be determined, if necessary, by the courts. 8 S.W. at 631.

In a more modern case, Huntington Corp. v. Inwood Constr. Co., 348 S.W.2d 442 (Tex.Civ.App.–Dallas 1961, writ ref'd n. r. e.), which involved an appraisal clause in a construction contract, this same distinction between arbitration and appraisal was noted. The court said that agreements to submit future disputes to arbitration are void as against public policy, but that appraisal clauses in contracts will be given effect by the courts. Id. 348 S.W.2d at 444. Other Texas cases which have held that appraisal clauses in contracts are valid and enforceable include the following: Glens Falls Ins. Co. v. Peters, 386 S.W.2d 529, 532 (Tex.Sup.1965); American Central Ins. Co. v. Terry, 26 S.W.2d 162, 166 (Tex.Comm'n App.1930, holding approved); Fire Ass'n of Philadelphia v. Ballard, 112 S.W.2d 532 (Tex.Civ.App.-Waco 1938, no writ); Boston Ins. Co. v. Kirby, 281 S.W. 275 (Tex.Civ.App.-Eastland 1926, no writ); Florida Athletic Club v. Hope Lumber Co., 18 Tex.Civ.App. 161, 44 S.W. 10, 14 (1898, no writ). See 44 Am. Jur.2d Insurance § 1707 (1969); 32 Tex. Jur.2d Insurance § 386 (1962).

Although the Texas courts have held that the failure of the insured to submit his claim to an appraisal under the terms of the policy before bringing a lawsuit is grounds for sustaining the insurer's plea in abatement, the question of whether the insured may compel appraisal against an insurance company which has waived this condition precedent has never been considered. The appellant insurer insists that the common law principle that a party to an agreement to arbitrate may withdraw from the arbitration up to the time an award is made applies to this case despite the consensus of the courts in Texas and throughout the United States upholding the validity of appraisal clauses and distinguishing them from arbitration agreements. Only a handful of jurisdictions have considered this novel question of law, and the decisions the courts have reached have depended in part upon the applicable insurance statutes. But the majority and better reasoned opinions have held that appraisal provisions in insurance contracts are specifically enforceable by either the insurer or the insured.

In Saba v. Homeland Ins. Co., 159 Ohio St. 237, 112 N.E.2d 1 (1953), the insured demanded an appraisal under a clause in substantially the same language as the one involved in the case at hand; and, upon the insurer's refusal to appoint an appraiser, brought suit to have the court appoint an umpire. After the insured's appraiser and the umpire made an award, suit was brought to recover it against the insurer. The Ohio Supreme Court held that either party to the insurance contract was entitled to demand an appraisal. The majority opinion based this conclusion in part on the language in the appraisal clause (". . . each shall select a competent and disinterested appraiser . . .," "Appraisers are to be selected on the demand of either party . . . ."), which was clearly drafted to mean that the provision was mandatory and not revocable by either party. Id. at 2–3. The Court further noted that even though the insured may file suit on the policies, he has been led to believe that by paying premiums he is purchasing the right to an appraisal and a prompt settlement of his loss. Id. at 3. Finally, the court held, against the insurer's conten-

tion that the appraisal clause is a separate provision from the rest of the policy, that the clause is an integral part of the policy and that any doubts as to the construction of the instrument must be resolved against the insurer who drafted it. *Id.* at 4.

In Drescher v. Excelsior Ins. Co., 188 F. Supp. 158 (D.N.J.1960), the court followed the holding in Saba, *supra*, and granted the insured's motion for summary judgment on the issue of whether the insurer could be compelled to appoint appraisers. The court reasoned as follows: "The companies, having drawn the clause and being in a position to derive benefits therefrom, must reciprocally have such clause enforced against them." *Id.* 188 F.Supp. at 159. In Hala Cleaners, Inc. v. Sussex Mut. Ins. Co., 115 N.J.Super. 11, 277 A.2d 897 (Ch.1971), the court followed the two cases just previously mentioned; but, instead of appointing an umpire upon the insurer's refusal to appoint appraisers, the court ordered them to do so, retaining jurisdiction in case the appraisers failed to agree. *Id.* at 898. In Ice City, Inc. v. Insurance Co. of North America, 314 A.2d 236 (Pa.1974), the Pennsylvania Supreme Court granted specific enforcement of an appraisal clause against the insurer, partly because the clause is a benefit paid for by premiums (*Id.* at 242), and also, because the clause must be included in insurance contracts by statute. *Id.*

There are several cases holding that only the insurer has a right to invoke the appraisal clause in a court of law and that the insured must be relegated to a suit for money on the policy. In National Fire Ins. Co. v. Shuman, 44 Ga.App. 819, 163 S.E. 306 (1932), the court held that the trial court erred in appointing an umpire at the insured's request because the insurer had not participated in or consented to the appraisal. *See also* In Re Delmar Box Co., 127 N.E.2d 808 (N.Y.1955) and Happy Hank Auction Co. v. American Eagle Fire Ins. Co., 1 N.Y.2d 534, 154 N.Y. S.2d 870, 136 N.E.2d 842 (1956).

We believe that the decisions in the Saba line of cases are correct statements of the law. The New York cases involve the interpretation of state arbitration statutes and are, therefore, not directly applicable to the case at bar. To the extent that Happy Hank Auction Co. v. American Eagle Fire Ins. Co., *supra* at 843, holds that the insurer may raise as a defense the failure of the insured to submit to an appraisal but that the insured may not coerce the insurer to appraise because he may file suit on the policy, we reject that line of reasoning. The insured has a right to rely on the plain language of his policy providing for appraisal "upon the written demand of either" party, which language may have formed in his own mind part of the consideration for the premiums he paid. The appellant's first point of error is overruled.

The fact that other issues in the general controversy between the parties remain unresolved by the summary declaratory judgment does not deprive the trial court of the power and discretion to render such a judgment. Tex.Rev.Civ.Stat. Ann. art. 2524–1 § 6 (1965). The Texas Uniform Declaratory Judgments Act provides that a party interested under a contract or whose rights are affected by the construction of a contract may bring an action for a declaration of his rights thereunder. *Id.* § 2. The Texas cases dealing with the propriety of the trial court granting a declaratory judgment are well settled that the court *may* do so where the judgment would serve a useful, beneficial purpose. City of Wichita Falls v. Cox, 300 S.W.2d 317 (Tex.Civ.App.-Fort Worth 1957, writ ref'd n. r. e.); Kimble v. Baker, 285 S.W.2d 425 (Tex.Civ.App.-Eastland 1955, no writ); Zamora v. Zamora, 241 S.W.2d 635 (Tex.Civ.App.-El Paso 1951, no writ); Town of Santa Rosa v. Johnson, 184 S.W.2d 340 (Tex.Civ.App.-San Antonio 1944, no writ).

Appellant argues that the insured has another adequate remedy at law—a lawsuit on the policy. But ". . . [t]he

existence of another adequate remedy does not bar the right to maintain an action for declaratory relief." Zamora v. Zamora, *supra* 241 S.W.2d at 638. See 2 W. Anderson, Actions for Declaratory Judgments 1390 (2d ed. 1951); 19 Tex.Jur.2d Declaratory Relief § 3 (1960).

■ Finally we note that section 12 of the Uniform Declaratory Judgments Act provides that it is to be liberally construed and administered. Also, section 15 states that the Act is to be interpreted, where possible, to make uniform the laws of the states adopting it and to harmonize with the federal law of declaratory judgments. We believe that both these purposes will be served by upholding the declaratory judgment, since the better reasoned opinions have granted the insured relief in situations similar to the case at bar. The appellant's second point of error is overruled.

Judgment affirmed.