**Reversed and Remanded and Opinion filed October 9, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00130-CV

**SECURITY NATIONAL INSURANCE COMPANY, Appellant**

**V.**

**WALOON INVESTMENT, INC., D/B/A RAMADA LIMITED, Appellee**

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-14857-A**

## O P I N I O N

This appeal arises from a dispute between a hotel owner and its insurer regarding coverage under an insurance policy as to losses allegedly resulting from Hurricane Ike. The trial court signed an order compelling the hotel owner to participate in an appraisal under the terms of the insurance policy. After issuance of an appraisal award, the hotel owner filed motions in the trial court seeking an order that the insurer pay the hotel owner based upon the appraisal award. The hotel owner did not seek a summary judgment based upon evidence allegedly proving as a matter of law all essential elements of the

hotel owner's breach-of-contract claims. The trial court granted the relief sought by the hotel owner. After severance, the insurer appealed. Because the appraisal award, by itself, does not entitle the hotel owner to recover against the insurer, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Appellant Security National Insurance Company ("Security") issued a commercial insurance policy to appellee Waloon Investment, Inc. d/b/a Ramada Limited ("Waloon"). The policy was in effect when Hurricane Ike struck Houston. The property the policy covered—a Ramada Inn—sustained damage from the hurricane. Waloon submitted a proof of loss to Security and invoked the policy's appraisal provisions.

The policy contains two appraisal provisions under which either party had the right to invoke an appraisal of the loss in the event of a disagreement as to the amount of loss. Under the policy, if an appraisal occurs, Waloon still retains its general right to bring a lawsuit against Security, and Security retains its right to deny the claim.

Security filed a declaratory-judgment action against Waloon and others. Waloon asserted claims against Security for breach of the policy as well as other extracontractual claims. After various other events in the litigation, the trial court denied Security's motion to compel appraisal. This court granted Security's request for mandamus relief and directed the trial court to grant Security's motion to compel appraisal. *See In re Security Nat'l Ins. Co.*, No. 14-10-00009-CV, 2010 WL 1609247, at *7 (Tex. App.—Houston [14th Dist.] Apr. 22, 2010, orig. proceeding) (mem. op.). The trial court subsequently signed an order compelling Waloon to participate in an appraisal of eight items. Under the policy, an appraisal award is "binding as to the amount of loss."

Waloon and Security each selected an impartial appraiser, and then an umpire was selected. Following appraisal proceedings, the appraisers failed to agree, and one appraiser and the umpire signed an appraisal award in which they made findings of the respective amounts regarding the eight items listed in the trial court's order. The day after the appraisal award issued, Waloon filed a "Motion to Enforce Appraisal Award and

2

Determination of Remaining Legal Issues." Within two weeks, Waloon amended this motion to enforce ("First Motion"). The only attachment to the First Motion was the appraisal award. In the First Motion, Waloon asked the trial court to "confirm" and "enforce" the appraisal award by an interlocutory order commanding Security to pay Waloon based upon the appraisal award.

On November 24, 2010, the trial court signed an interlocutory order granting the First Motion and ordering that "payment be paid [sic] to Waloon on or before December 24, 2010, in keeping with the appraisal award issued by [the umpire] in this matter." In this order, the trial court did not specify the amount that it was ordering Security to pay to Waloon by December 24, 2010.

Two weeks later, Waloon filed a second motion to enforce the appraisal award and a supplement to this motion (collectively, the "Second Motion"). In the Second Motion, Waloon asked the trial court to sign an interlocutory order commanding Security to pay Waloon $3,031,027.13 by December 24, 2010, based upon the appraisal award. Waloon stated that the purpose of the Second Motion was "merely to finalize the exact amount to be paid by [Security] by [December 24, 2010]."

On December 17, 2010, the trial court signed an interlocutory order granting the Second Motion and ordering that "payment be made exclusively to [Waloon] and its attorneys . . . in keeping with the [appraisal award], specifically in the amount of $3,031,027.13, which will be paid in addition to all previously paid funds by [Security] in this matter." The trial court ordered that Security make this payment on or before January 7, 2011.

In January 2011, a different judge became the presiding judge of the trial court below. Security had indicated to the trial court that it was preparing a mandamus petition challenging the previous judge's December 17, 2010 order. On January 6, 2011, the new judge signed an order extending the deadline for Security's payment to January 14, 2011. The next day, Waloon filed a "Motion for Entry of Judgment on Contractual Claims." In this motion Waloon stated that the trial court had instructed that the December 17, 2010

3

order should be converted into a final judgment. To this end, Waloon moved for judgment on its claim against Security for breach of contract and presented the trial court with a proposed judgment. The next day, Waloon moved to sever its breach-of-contract claims against Security from all other claims in the case.

On January 10, 2011, Security filed a petition for writ of mandamus in this court, challenging the trial court's December 17, 2010 order. *See In re Security Nat'l Ins. Co.*, No. 14-11-00013-CV, 2011 WL 332712, at *1 (Tex. App.—Houston [14th Dist.] Feb. 3, 2011, orig. proceeding) (mem. op.) (per curiam). On January 11, 2011, this court issued an order staying the trial court's December 17, 2010 order, and requested a response from the real party in interest. *See id.* On the same day, the trial court signed a "Judgment on Contractual Claims." In the judgment, the trial court stated that it was reducing the December 17, 2010 order to an appealable judgment, and the trial court rendered judgment that Waloon recover $3,031,027.13 from Security based upon Waloon's claims for breach of contract; the trial court did not require payment by a particular date. At the same time, the trial court also signed an order severing Waloon's breach-of-contract claims and an order denying Security's motion for reconsideration, thus creating a final and appealable judgment. Consequently, the ruling that Security was challenging in the mandamus proceeding had become a final judgment, and this court denied Security's mandamus petition because Security had an adequate remedy by appeal. *See id.*

## II.   ANALYSIS

### A.   May a trial court render judgment based upon an appraisal award, without a summary-judgment proceeding, trial, or an agreed judgment?

On appeal, Security asserts that the trial court erred in rendering judgment in favor of Waloon based upon the appraisal award. We first address whether, without a summary-judgment proceeding, trial, or agreed judgment, the trial court could properly have rendered judgment in Waloon's favor based upon the appraisal award. In the trial court and on appeal, Waloon has asserted that the appraisal award entitles Waloon to an interlocutory order that Security pay Waloon more than three million dollars by a certain

4

date or a judgment that Waloon pay this amount, without the need for a summary-judgment proceeding, trial, or agreed judgment. Security asserts that the only proper way for Waloon to obtain a judgment against Security in the context of this case is through a motion for summary judgment.

Under Waloon's position, appraisal awards effectively would be treated as if they were arbitration awards. But, for over one hundred twenty years, Texas courts have distinguished appraisals from arbitrations. *See In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002); *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 631 (Tex. 1888); *Standard Fire Ins. Co. v. Fraiman*, 514 S.W.2d 343, 344–45 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ). *See also Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1061–62 (5th Cir. 1990). Both procedures aim to submit a dispute to a third party for resolution without recourse to the courts, and both procedures are creatures of contract. *See Teachworth*, 898 F.2d at 1061–62. Nonetheless, there are significant differences between arbitration and appraisal. *See id.* An arbitration may encompass the entire controversy between the parties or it may be tailored to certain legal or factual disputes. *See id.* By contrast, an appraisal determines only the amount of loss, without resolving issues such as whether the insurer is liable under the policy. *See In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d at 195; *Scottish Union & Nat'l Ins. Co.*, 8 S.W. at 631; *Fraiman*, 514 S.W.2d at 344–45; *Teachworth*, 898 F.2d at 1061–62. Thus, statutes governing arbitration do not apply to appraisals. *See Fraiman*, 514 S.W.2d at 344–45 (holding Texas Arbitration Act did not apply to appraisal provision in insurance policy); *Teachworth*, 898 F.2d at 1061–63 (holding that Federal Arbitration Act did not apply to enforcement of appraisal award). These distinctions are crucial in determining the propriety of the trial court's judgment in the case under review.

Under the unambiguous language of the appraisal provisions in the policy and under Texas precedent, an appraisal award, by itself, does not entitle either the insured or the insurer to judgment in its favor as to the insured's claim against the insurer for breach of contract. *See In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d at 195; *Scottish Union &*

5

*Nat'l Ins. Co.*, 8 S.W. at 631; *In re Security Nat'l Ins. Co.*, 2010 WL 1609247, at *6 (noting that "[a]ppraisal is limited to determining amounts of loss, and not determining whether the insurer should pay"); *Fraiman*, 514 S.W.2d at 344–45; *Teachworth*, 898 F.2d at 1061–62. Even if no party argues that the appraisal award may be disregarded, the award still must be construed and applied to the insured's claim under the policy. The function of an appraisal award is not to determine the merits of any claim; but the function of an arbitration award usually is to determine the merits of one or more claims asserted by a party to the arbitration. *See In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d at 195; *Scottish Union & Nat'l Ins. Co.*, 8 S.W. at 631; *Fraiman*, 514 S.W.2d at 344–45; *Teachworth*, 898 F.2d at 1061–62. If, after receiving the appraisal award, the parties agree as to what the insured's recovery should be, the parties may agree to a judgment, settle, or enter into a stipulation. If, after a binding determination of the amount of loss, there are no genuine fact issues as to one or more claims, then the insured's claims may be determined by summary judgment. If genuine fact issues remain, then a trial may be appropriate. There has been no agreed judgment in the case under review. In this context, the only way for Waloon to obtain a judgment on its breach-of-contract claims without a trial is by a summary-judgment proceeding. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889–90 (Tex. 2009); *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d at 195; *Scottish Union & Nat'l Ins. Co.*, 8 S.W. at 631; *In re Security Nat'l Ins. Co.*, 2010 WL 1609247, at *6; *Fraiman*, 514 S.W.2d at 344–45; *Teachworth*, 898 F.2d at 1061–62.

**B.    Did the trial court err in rendering judgment on the insured's breach-of-contract claims based upon the appraisal award?**

In arguing that the trial court erred in rendering judgment in Waloon's favor on its breach-of-contract claims, Security presumes that, in substance, the First Motion and the Second Motion were summary-judgment motions and that the trial court's judgment was a summary judgment. We presume, without deciding, that these motions were motions for summary judgment and that the trial court's judgment was a summary judgment.

We can affirm the trial court's summary judgment based only upon a ground

6

expressly stated in one of the summary-judgment motions granted by the trial court. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). In the First Motion, Waloon asserted that (1) an appraisal award had issued; (2) no party had argued that a valid ground for setting aside the appraisal award existed; (3) under Texas law and the appraisal provisions of the insurance policy, the appraisal award is binding and enforceable; (4) the trial court should "confirm" the appraisal award; (5) "the appraisal award must issue to Waloon forthwith"; (6) the trial court should enforce the appraisal award as issued by signing an interlocutory order commanding Security to pay Waloon based upon the appraisal award.[1]

In the Second Motion, Waloon argued as follows: (1) the trial court should enforce the appraisal award "immediately" based upon certain findings in the appraisal award; (2) no party asserted that a valid ground for setting aside the appraisal award existed; (3) under Texas law and the appraisal provisions of the insurance policy, the appraisal award is binding and enforceable; (4) the trial court should "confirm" the appraisal award; (5) "the appraisal award must issue to Waloon in the [replacement cost] amounts set forth within"; (6) as Security has conceded, the "co-insurance penalties" in the insurance policy are not triggered based upon the amounts stated in the appraisal award; (7) the trial court should enforce the appraisal award as issued. In the Second Motion, Waloon asked the trial court to sign an interlocutory order commanding Security to pay Waloon $3,031,027.13 by December 24, 2010, based upon the appraisal award. Waloon arrived at this number by adding three findings from the appraisal award and subtracting the amount Security previously had tendered into the registry of the court. Waloon stated that the purpose of the Second Motion was "merely to finalize the exact amount to be paid by [Security] by [December 24, 2010]."

None of the grounds stated in the First Motion or the Second Motion provide a proper basis for granting summary judgment in Waloon's favor on its breach-of-contract

---

[1] In the First Motion, Waloon also asserted it was entitled to recover interest and attorney's fees. In its judgment, the trial court did not award Waloon the interest or attorney's fees that it had requested. Therefore, these grounds are not a potential basis for affirming any part of the trial court's judgment.

7

claim against Security. *See Johnson*, 290 S.W.3d at 889–90; *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d at 195; *Scottish Union & Nat'l Ins. Co.*, 8 S.W. at 631; *In re Security Nat'l Ins. Co.*, 2010 WL 1609247, at *6; *Fraiman*, 514 S.W.2d at 344–45; *Teachworth*, 898 F.2d at 1061–62. Even if, in the appraisal award, the appraiser and umpire made findings as requested by Waloon, the appraisal award by itself does not determine the merits of Waloon's breach-of-contract claims or entitle Waloon to judgment on these claims. *See Johnson*, 290 S.W.3d at 889–90; *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d at 195; *Scottish Union & Nat'l Ins. Co.*, 8 S.W. at 631; *Fraiman*, 514 S.W.2d at 344–45; *Teachworth*, 898 F.2d at 1061–62. The only evidence submitted by Waloon in support of the First Motion or Second Motion was the appraisal award. Waloon did not attach the insurance policy to either motion. In neither motion did Waloon assert (1) that the summary-judgment evidence conclusively proved all the essential elements of Waloon's breach-of-contract claims[2] or (2) that there were no genuine issues of material fact and that Waloon was entitled to judgment as a matter of law against Security on these claims.[3] *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam) (holding that claimant moving for summary judgment on its claim must conclusively

---

[2] The essential elements of Waloon's breach-of-contract claims are (1) the existence of a valid contract, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff was damaged as a result of the breach. *See Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

[3] Security asserts various arguments as to why Waloon is not entitled to the judgment rendered by the trial court, including: (1) recovering under the insurance policy on a replacement cost basis, Waloon is not entitled to recover more than the lesser of the following three items: (a) the limit of insurance applicable to the lost or damaged property, (b) the cost to replace the lost or damaged property with other property of comparable material and quality, used for the same purpose, and (c) the amount actually spent that is necessary to repair or replace the lost or damaged property; (2) before Waloon may recover under the insurance policy on a replacement cost basis, Waloon must prove that the repairs to the hotel have been completed as well as the amount Waloon incurred in completing those repairs; (3) under the insurance policy, Security was obligated to pay only for direct physical loss of or damage to the Covered Property (as defined in the insurance policy) caused by Hurricaine Ike, and Security was not obligated to pay for loss from (a) wear and tear, (b) rust or other corrosion, decay, or deterioration, or (c) faulty, inadequate or defective maintenance; (4) Waloon cannot recover any expenses regarding the fire suppression system and sliding glass doors unless Waloon has incurred these expenses because of a city ordinance or state law actually enforced upon the property, and even then, coverage regarding these expenses is limited to $50,000. In this appeal, we do not address the merits of these arguments in any way, and Security is not limited to these arguments on remand.

8

prove all the essential elements of the claim and that claimant has the burden to show that there are no genuine issues of material fact and that claimant is entitled to judgment as a matter of law). None of the grounds expressly stated in Waloon's motions are a proper basis for granting judgment as a matter of law in Waloon's favor on its breach-of-contract claims. Therefore, the trial court erred in rendering judgment as a matter of law in favor of Waloon on these claims.[4] *See Stiles*, 867 S.W.2d at 26; *Guthrie v. Garcia*, 352 S.W.3d 307, 308–10 (Tex. App.—Houston [14th Dist.] 2011, no pet.). We sustain Security's challenge to the trial court's judgment.

### III.  CONCLUSION

There has been no agreed judgment in the case under review. In this context, the only way for Waloon to obtain a judgment on its breach-of-contract claims without a trial is by a summary-judgment proceeding. Under the unambiguous language of the appraisal provisions in the insurance policy and under Texas precedent, the appraisal award, by itself, does not entitle Waloon to judgment as a matter of law on its breach-of-contract claims against Security. Even if Waloon's motions were motions for summary-judgment, none of the grounds expressly stated in these motions have merit, and thus the trial court erred in granting summary judgment. Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.


/s/     Kem Thompson Frost
        Justice


Panel consists of Justices Frost, Brown, and Christopher.

---

[4] In addition, Waloon did not satisfy its burden of showing that there are no genuine issues of material fact and that Waloon is entitled to judgment as a matter of law as to its breach-of-contract claims against Security. *See MMP, Ltd.*, 710 S.W.2d at 60.

9