In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00024-CV
_____


IN RE ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY

Original Proceeding
County Court at Law No. 2 of Montgomery County, Texas
Trial Cause No. 17-08-10039-CV

## OPINION

Allstate Vehicle and Property Insurance Company (Allstate) seeks mandamus relief from the trial court's decision denying its motion to compel an appraisal pursuant to the appraisal clause in Pamela Bailey's homeowners policy. We conditionally grant Allstate's petition, and direct the trial court to vacate its order denying Allstate's motion and enforce the appraisal clause in Bailey's policy.

Background

Shortly after Bailey insured her home for property damages with Allstate in April 2015, Bailey's home was damaged in a storm. Although Allstate was given an

estimate showing that the home needed $13,776[1] in repairs, Allstate determined that the home suffered only $2,766 in damages. After applying Bailey's deductible, Allstate advised Bailey that it would pay her $766 for the "storm related damages identified by Allstate in connection with the reported loss[.]"

In July 2017, Bailey's attorney wrote Allstate a demand letter. Based on an estimate included with the letter,[2] Bailey's attorney demanded that Allstate pay Bailey $11,776, an amount Bailey's attorney based upon an estimate that accompanied his demand letter, less Allstate's prior payment and Bailey's deductible. Bailey's attorney also demanded that Allstate pay penalties in the amount of $3,405 on Bailey's claim together with attorney's fees and expenses associated with his work on Bailey's case of $3,533. With respect to appraisal, the demand letter states:

> If you wish to appraise this loss under the policy's appraisal condition, please notify us of the identity of your appraiser within twenty (20) days of your receipt of this letter. Otherwise we intend to move forward, in reliance on your decision, with [litigation] as outlined below.

Approximately forty days later, Allstate responded to the letter, advising Bailey's attorney that it was "not in agreement on the amount of loss claimed by

---

[1] For convenience, the dollar amounts referenced in the opinion have been rounded to the nearest dollar.

[2] The estimate the attorney relied on is not included in the record in this proceeding.

your client as set out in your letter, and respectfully declines to pay your [$18,713] demand." Allstate also pointed out that Bailey's policy included a no action clause and that the clause did not allow Bailey to file suit unless Bailey had fully "[complied] with all policy terms[.]" Allstate's letter was silent regarding whether it intended to invoke its right to an appraisal regarding Bailey's property damage claim.

In August 2017, Bailey sued Allstate, alleging claims based on theories of breach of contract, misrepresentation, failing to pay Bailey's claim promptly, and bad faith. Allstate answered Bailey's suit in September 2017. In November 2017, Allstate invoked the appraisal clause and notified Bailey's attorney of the name of the individual that it had chosen as its appraiser. When Bailey did not respond to Allstate's demand for an appraisal, Allstate filed a motion asking that the trial court compel an appraisal. The appraisal provision in Bailey's homeowners policy provides:

**Appraisal**

If **you** and **we** fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, **you** or **we** can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire.

Bailey filed a written response to Allstate's motion to compel in December 2017. In her response, Bailey argued that by waiting until after she filed suit to invoke its right to appraisal, Allstate had waived its appraisal rights. Additionally, Bailey argued that Allstate's request for appraisal was "an impermissible request to compel specific performance under the policy." In late December 2017, the trial court signed an order denying Allstate's motion to compel.

The Parties' Arguments

In its petition for mandamus relief, Allstate argues the trial court abused its discretion by denying its motion to require that Bailey go through the appraisal process. Allstate further claims that Bailey was not prejudiced by any of its delays because she could have avoided any alleged prejudice by demanding an appraisal before filing suit. Because the trial court denied Allstate's motion to compel, Allstate also claims the trial court interfered with its right to defend against Bailey's allegation that it breached the obligations it owed Bailey under her insurance policy. Finally, Allstate argues that by allowing a trial to occur before requiring Bailey's property damage claim to go through the appraisal process, it has no adequate remedy by appeal.

In response to Allstate's petition, Bailey argues that proceeding to mediation and trial in the event mediation is unsuccessful is a more efficient and cost-effective alternative than appraisal. She notes the case is on the docket for trial in February

4

2018. Second, Bailey argues the trial court might have denied Allstate's motion based on her argument that she had incurred attorney's fees and expenses after filing suit. Bailey claims that requiring her to incur expenses for both an appraisal and trial will "cut[] into Bailey's bottom line and significantly hinder[] her ability to pay for the repairs to the property that need to be made." Third, Bailey claims that Allstate waived its right to appraisal because it did not invoke its right to an appraisal before engaging in the litigation process for approximately two months after she filed suit. Finally, Bailey argues that Allstate waived its right to appraisal because Allstate failed to allege in either an answer, a counterclaim, or a motion for summary judgment that Bailey had not submitted her property damages claim to the appraisal process.

Analysis

*The Right to Appraisal*

First, we note that we have jurisdiction to consider Allstate's petition for mandamus, as the petition challenges a ruling from a statutory county court. Tex. Gov't Code Ann. § 22.221(b)(1) (West Supp. 2017). Second, we note that the law in Texas is settled concerning the judicial enforcement of appraisal clauses that are contained within insurance policies. An appraisal clause in a policy "binds the parties to have the extent or amount of the loss determined in a particular way[.]" *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 631 (Tex. 1888). The purpose

5

of an appraisal clause is to "provide a means to resolve disputes about the amount of loss for a covered claim." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011). Such provisions are "generally enforceable, absent illegality or waiver." *Id.*

Bailey did not argue the appraisal clause in her policy is illegal, but she did claim that Allstate waived its right to require her to submit her property damage claim to the appraisal process. Under Texas law, "'[w]aiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *Id.* (quoting *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)). Additionally, a party relying on a claim of waiver cannot rely on delay alone, but must also establish prejudice. *Id.* at 411.

Given the language in the demand letter from Bailey's attorney, Bailey argues the trial court could have found that, by waiting until November 2017 to seek an appraisal, Allstate unreasonably delayed its decision to invoke the appraisal process. However, Bailey's policy places no time limit on the parties regarding when the appraisal clause must be invoked. Moreover, both the insured and the insurer have the right to invoke appraisal. Thus, although Bailey could have invoked the appraisal clause even before she elected to file suit, she did not. Allstate's decision to invoke the appraisal process after Bailey filed suit is not conduct inconsistent with its claim that it was entitled to rely on the terms that are in the policy that it issued to Bailey.

6

The language in Bailey's policy is also relevant to our determination that Bailey's attorney could not unilaterally change Allstate's rights to an appraisal through a letter informing Allstate that Bailey intended to file suit. The construction of an unambiguous contract is a question of law—it is not a fact issue. *Tex. Farm Bureau Mut. Ins. Co. v. Sturrock*, 146 S.W.3d 123, 126 (Tex. 2004). Bailey's policy provides that it "can be changed only by endorsement."[3] The record before the trial court includes no evidence showing that Allstate issued an endorsement that changed any rights the parties had under the policy to invoke the appraisal clause. Moreover, "[c]ourts cannot make new contracts between the parties, but must enforce the contracts as written. Where the terms of an insurance policy are plain, definite and unambiguous, the courts cannot vary these terms." *Royal Indem. Co. v. Marshall*, 388 S.W.2d 176, 181 (Tex. 1965). We conclude that the trial court did not have the discretion to re-write the policy in a way that required Allstate to invoke its right to appraisal before Bailey filed suit.

We further conclude that the record does not support findings that Allstate unreasonably delayed seeking appraisal or that Bailey was prejudiced by Allstate's alleged delays. While delay can be a factor in finding waiver, "reasonableness must be measured from the point of impasse" after considering the circumstances and the

---

[3] The policy does allow Allstate to unilaterally change the policy's terms if the change broadens the coverage without charge.

parties' conduct. *Universal*, 345 S.W.3d at 408. The Texas Supreme Court has explained:

> An impasse is not the same as a disagreement about the amount of loss. Ongoing negotiations, even when the parties disagree, do not trigger a party's obligation to demand appraisal. Nor does an insurer's offer of money to cover damages necessarily indicate a refusal to negotiate further, or to recognize additional damages upon reinspection.

*Id.* Impasse occurs when the parties reach "a mutual understanding that neither will negotiate further[.]" *Id.* at 410.

The record before us in this case shows that after Allstate invoked the appraisal process, Bailey filed a "Motion to Compel Mediation In Lieu Of Appraisal." Nothing in the record shows that Allstate was unwilling to negotiate further or reconsider its position rejecting Bailey's settlement offer upon conducting another inspection of Bailey's home. Viewing the record as a whole, and given that Bailey's demand for mediation indicates the parties were not at an impasse, we conclude that no reasonable construction of the record supports a finding of impasse before the date that Allstate invoked its contract right to an appraisal. "Like any other contractual provision, appraisal clauses should be enforced." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009).

We also reject Bailey's argument that she established she was prejudiced by any alleged delays attributable to the timing surrounding Allstate's decision to invoke the appraisal clause. For example, Bailey argues that she was prejudiced

because she incurred expenses when she filed suit and expenses by participating in discovery. However, these expenses were avoidable, as Bailey could have invoked the appraisal clause before filing suit. *See In re Cypress Tex. Lloyds*, 419 S.W.3d 443, 445 (Tex. App.—Beaumont Apr. 26, 2012, orig. proceeding [mand. denied]) ("When a party knows of its right to request an appraisal and does not make that request, it is difficult to attribute the costs incurred to the opponent.").

Finally, we reject Bailey's arguments that Allstate failed to file the proper pleadings needed to allow the trial court to resolve Allstate's demand for appraisal. According to Bailey, a jury should resolve whether her failure to participate in the appraisal process constitutes either a material breach of the policy or a condition she must satisfy before she can recover. Based on this argument, she concludes that Allstate was required to present its demand for appraisal by filing a counterclaim followed by a motion for summary judgment. According to Bailey, Allstate's motion to compel appraisal is analogous to the process involved in the enforcement of an appraisal award. In support of the arguments, Bailey relies on *Security National Insurance Company v. Waloon Investments, Inc.*, 384 S.W.3d 901, 907-08 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

However, *Waloon* is distinguishable from the facts that are presented here. In *Waloon*, the Fourteenth Court of Appeals reasoned that the trial court erred by rendering a judgment requiring the insurer to pay a loss that had been established

9

through the appraisal process without first determining whether the insured could recover against its insurer. *Id.* at 905. Thus, the Fourteenth Court of Appeals' holding in *Waloon* addresses a different stage of the process than the stage of the process at issue here, which in Bailey's case concerns whether a trial court is required to order the parties to go through the appraisal process. *See id.* In Bailey's case, there is no appraisal award, and the ruling Allstate challenges does not concern enforcing an award. *Id.*

Bailey also argues that Allstate failed to plead that it had a right to appraisal in its answer, in a counterclaim, or in a motion for summary judgment. However, the procedure to enforce the right to appraisal is well-established. A party's right to appraisal may be accomplished by the filing of motion to compel appraisal, which is the procedure that Allstate followed here. *See Universal*, 345 S.W.3d at 412; *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002). Bailey fails to cite any cases holding that a party to a contract containing an appraisal clause must file a counterclaim for specific performance or motion for summary judgment before the trial court is authorized to compel the parties to participate in the appraisal process.

In summary, Bailey's insurance policy with Allstate places no time limit on the parties concerning when a party must demand an appraisal. While a dispute exists over the value of Bailey's property damage claim, her decision to file suit does not establish that Allstate waived its right to appraisal. *See In re GuideOne Mut. Ins.*

10

*Co.*, No. 09-12-00581-CV, 2013 WL 257371, at *2 (Tex. App.—Beaumont Jan. 24, 2013, orig. proceeding [mand. denied]) (mem. op.) (distinguishing appraisal as a means of determining amount of loss from arbitration as a choice of an alternate forum). We hold the trial court abused its discretion by denying Allstate's motion.

## Remedy

We are required to determine whether Allstate has an adequate appellate remedy by balancing the benefits of mandamus review against its detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008). The Texas Supreme Court has held that "mandamus relief is appropriate to enforce an appraisal clause because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim." *Universal*, 345 S.W.3d at 412; *see also Allstate*, 85 S.W.3d at 196. For this same reason, we hold that Allstate has no adequate remedy by appeal. *See id*.

We conditionally grant Allstate's petition for a writ of mandamus. We are confident the trial court will vacate its order denying Allstate's motion to compel and enforce the appraisal clause in Bailey's policy. The writ of mandamus will issue only if the trial court fails to act in accordance with this opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on January 26, 2018
Opinion Delivered February 22, 2018
Before McKeithen, C.J., Kreger and Horton, JJ.

11