**In re CYPRESS TEXAS LLOYDS.**

No. 09–12–00077–CV.

Court of Appeals of Texas, Beaumont.

Submitted March 22, 2012.

Decided April 26, 2012.

M.C. Carrington, Maryalyce W. Cox, Mehaffy Weber, P.C., Beaumont, Warren W. Harris, J. Mark Little, Bracewell & Giuliani LLP, Houston, for relator.

J. Steve Mostyn, Amber Anderson Mostyn, Michael R. Ramsey, The Mostyn Law Firm, Houston, Richard P. Hogan, Jr., Jennifer Bruch Hogan, Matthew E. Coveler, Hogan & Hogan, Houston, for Real Party in Interest.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

PER CURIAM.

Cypress Texas Lloyds seeks mandamus relief from an order that denies a motion to compel appraisal. Kevin Newman and Chantel Newman sued Cypress. Their homeowner's insurance policy issued by Cypress includes an appraisal clause. Cypress pleaded the failure to submit to the appraisal process and requested abatement in its original answer and in a series of amended answers. Cypress subsequently moved to compel appraisal. At the time of the hearing on the motion to compel, the parties had agreed to remove the case from the trial docket so that the appraisal issue could be addressed. Finding waiver, the trial court denied the motion to compel. This original proceeding followed.

To establish waiver of appraisal, a party must show that the failure to invoke the policy's appraisal provision within a reasonable time after an impasse was reached caused prejudice. *See In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 404, 408, 410 (Tex.2011). Cypress argues that its first notice of impasse occurred when the Newmans filed suit, and that Cypress invoked the appraisal provision in its pleadings by specifically pleading the failure to submit to the appraisal process by requesting an abatement until that condition was satisfied. Notwithstanding the notice provided by Cypress's pleadings, the Newmans proceeded with discovery without seeking appraisal under the policy. Cypress argues it did not unreasonably delay before invoking appraisal and any harm suffered by the Newmans stems from their failure to

comply with the policy and undergo appraisal before filing suit. *Id.* at 408–09.

The Newmans argue that Cypress waited too long to file the motion to compel. The Newmans contend that Cypress employed a deliberate strategy to not compel an appraisal while discovery proceeded. During the hearing on the motion to compel, counsel for the Newmans informed the court that they had hired an engineer and an estimator for the purpose of litigation.

The trial court considered "the lapse of time, the significant procedural and substantive matters developed for litigation" and concluded "it is clear that the parties have incurred significant legal expenses which would, undoubtedly, damage their financial position." In its order the trial court mentioned discovery hearings, a discovery-related mandamus proceeding, docket control orders, status conferences, retention and designation of experts, trial settings, and an agreed motion for continuance. The record supports a conclusion that Cypress employed a deliberate strategy to not obtain an appraisal and that the Newmans incurred some costs before Cypress filed a motion to compel.

 Where the insurance policy provides for an appraisal process, compliance is excused only if the party resisting the appraisal can show prejudice. *Id.* at 411–12. When either party may demand an appraisal, a party "can avoid prejudice by demanding an appraisal itself." *Id.* at 412. The Newmans argue that this statement in *Universal Underwriters* is dicta. Even if the statement was not pivotal to the opinion, this Court is not free to ignore the statement. *See R.R. Comm'n of Tex. v. Aluminum Co. of Am.,* 380 S.W.2d 599, 601 (Tex.1964); *see also In re Southern Ins. Co.,* No. 09–11–00022–CV, 2011 WL 846205, *2 (Tex.App.-Beaumont Mar. 10, 2011, orig. proceeding) (mem. op.) (Even if some statements in an opinion may not have been pivotal to the Supreme Court's opinion, "a lower court is not free to ignore statements of law 'said deliberately' by the Supreme Court.").

The Newmans also argue that the Supreme Court did not intend to set an impossible test for demonstrating waiver. While not setting an impossible standard for demonstrating prejudice, the Court did explain that "it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal." *Universal Underwriters,* 345 S.W.3d at 412. There is no evidence in this case that a request by the Newmans for an appraisal would have been resisted by Cypress. When a party knows of its right to request an appraisal and does not make that request, it is difficult to attribute the costs incurred to the opponent.

The Newmans could have avoided the costs by requesting the appraisal themselves. Cypress notified the Newmans that the performance of the appraisal as a condition precedent would be an issue in the case when Cypress originally answered the suit. Waiver of the appraisal required by the policy has not been established under the facts of this case.

We conditionally grant the petition for a writ of mandamus. We are confident that the trial court will vacate its order denying the motion to compel an appraisal and will enforce the appraisal provision of the policy. The writ of mandamus will issue only if the trial court fails to act in accordance with this opinion.

PETITION CONDITIONALLY GRANTED.