

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00386-CV

IN RE CENTURY SURETY COMPANY, RELATOR

ORIGINAL PROCEEDING

November 2, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This mandamus proceeding arises from a lawsuit brought by real party in interest, 1408 Jefferson, LLC, against its property damage insurer, relator Century Surety Company.  Century seeks a writ of mandamus compelling respondent, the Honorable Don R. Emerson, judge of the 320th District Court of Potter County, to enter orders requiring Jefferson to participate in an insurance-policy appraisal process and to sever and abate the extra-contractual claims Jefferson brought against Century.  At our request, Jefferson filed a response to Century's petition.  We will conditionally grant the writ.

## Background

Century issued a commercial property insurance policy to Jefferson. Jefferson submitted a claim under the policy for property damage after a May 28, 2013 hail storm. Century paid an amount on the claim which Jefferson maintained was insufficient. Jefferson filed suit against Century, a corporate adjusting company, and two individuals on December 16, 2013. It alleged a breach of contract action against Century and various extra-contractual claims against Century and the other defendants.

Jefferson made a settlement demand on December 17, and allowed Century to re-inspect the insured properties before responding to the demand. Jefferson and Century joined in a rule 11[1] agreement on February 5, 2014, concerning the dismissal of the three other defendants and their role in discovery and trial.

Century filed its original answer on May 20, 2014. In addition to its general denial, the answer contained a paragraph concerning appraisal, in which Century stated it "reserves its right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss and denies any intent to waive this right."[2]

---

[1] Tex. R. Civ. P. 11.

[2] The policy's appraisal clause provides:

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. Appraisal is mandatory if invoked by either party. In this event, each party will select a qualified, impartial appraiser. The two appraisers will select a qualified, impartial umpire. If the appraisers cannot agree on the umpire, either you or we may request, after reasonable written notice to the other, that the selection be made by a court having jurisdiction. We and you will cooperate with the appraisers and umpire to provide Information and access to the property to appraise the loss. If the appraisers agree, they shall issue a detailed appraisal

Thereafter, the parties undertook discovery. On March 27, 2015, Jefferson designated five testifying expert witnesses. Century designated four testifying experts on April 25, 2015. The parties participated in mediation on April 27, but a settlement was not reached.

_____

decision which will be binding on you and us. If the appraisers fail to agree, they will submit their differences to the umpire. The umpire shall consider the submissions, independently appraise the loss, and issue a detailed appraisal decision that will be binding on you and us. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

In this section, detailed appraisal decision shall mean a written appraisal which provides line-item descriptions and amounts for any category of damage or expense requested by you or us, in writing, within thirty (30) days of the initial request for appraisal. The requests for particular line-items may include, but are not limited to, the value of the property, the cost of repair or replacement of any particular component of the property, the cost attributable to code upgrades, the cause(s) of the damage appraised, and the dates that any particular damage occurred or manifested. However, the requests may not, and the appraisal shall not, address which categories of the award, if any, are covered by this policy. The parties retain the right to have a court of competent jurisdiction determine which elements of the appraisal, if any, are covered under this policy based on the facts determined by the appraisal, the policy and applicable law. They also retain the right to have the court determine the cause(s) of the damage appraised, if there is any post-appraisal disagreement concerning causation. The request for a particular line-Item shall not be deemed an admission by either party that such category is covered or not covered by this policy.

In the event the appraisal panel cannot determine a line-Item requested by you or us, that inability and the reason shall be indicated on the detailed appraisal decision. To the extent that any questions of coverage or causation require determination of any fact not established by the detailed appraisal decision, the parties may offer evidence relevant to that fact in litigating the issues of coverage or causation.

In a letter dated May 1, 2015, Century demanded appraisal. Jefferson refused to participate in the appraisal process, contending, among other things, that Century waived any right to appraisal by waiting too long after suit was filed to make demand. On June 18, Century tendered an offer to Jefferson to settle Jefferson's claims.

Century moved to compel appraisal and to abate the case pending appraisal, and to sever and abate Jefferson's extra-contractual claims. By written orders signed August 10 and September 15, 2015, respectively, the trial court denied Century relief. Trial is set for December 14, 2015, and the parties' discovery and dispositive motion deadline is November 13.

Analysis

In this proceeding, Century argues the trial court abused its discretion by: (1) refusing to order an appraisal under the policy's appraisal clause; and (2) refusing to sever and abate Jefferson's extra-contractual claims.

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (explicating adequate remedy by appeal). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.,* 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker,* 827 S.W.2d at 839. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts."

4

*Walker,* 827 S.W.2d at 840. Mandamus may be an appropriate means of challenging an otherwise unappealable temporary order. *In re Derzapf,* 219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding) (per curiam).

Mandamus relief is appropriate if the trial court improperly denies a motion to compel an appraisal. *In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding) (citing *In re Allstate Cty. Mut. Ins. Co.,* 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding)). "While trial courts have some discretion as to the timing of an appraisal, they have no discretion to ignore a valid appraisal clause entirely." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). Mandamus also is available if the trial court abuses its discretion by not severing and abating extra-contractual claims in a suit by an insured against its insurer. *In re St. Paul Surplus Lines Ins. Co.,* No. 14-12-00443-CV, 2012 Tex. App. LEXIS 4426, at *6 (Tex. App.—Houston [14th Dist.] June 1, 2012, orig. proceeding) (per curiam) (mem. op.) (review by mandamus of trial court's orders denying severance and abatement of extra-contractual claims).

Appraisal of Loss

Appraisal clauses are "commonly found in homeowners, automobile, and property policies" and "provide a means to resolve disputes about the amount" of a covered loss. *In re Universal Underwriters*, 345 S.W.3d at 406-07 (citing *Johnson,* 290 S.W.3d at 888). These clauses are usually enforceable, absent illegality or waiver. *Id.* at 407.

"[W]aiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Universal Underwriters,* 345 S.W.3d at 407 (quoting *In re General Elec. Capital Corp.,* 203 S.W.3d 314, 316 (Tex. 2006) (orig. proceeding) (per curiam)). Waiver is an affirmative defense, and must be proved by the party challenging the right to appraisal. *In re Acadia Ins. Co.,* 279 S.W.3d 777, 779 (Tex. App.—Amarillo 2007, orig. proceeding); *In re State Farm Lloyds, Inc.,* 170 S.W.3d 629, 634 (Tex. App.—El Paso 2005, orig. proceeding).

To establish waiver, the party challenging appraisal must show that the parties reached an impasse; that is, "a mutual understanding that neither will negotiate further." *Universal Underwriters,* 345 S.W.3d at 410. And it must show "that any failure to demand appraisal within a reasonable time prejudiced the opposing party." *Id.* at 412.[3]

"An impasse is not the same as a disagreement about the amount of loss." *Universal Underwriters,* 345 S.W.3d at 412. "Ongoing negotiations, even when the parties disagree, do not trigger a party's obligation to demand appraisal." *Id.* "Using the point of 'impasse,' rather than the first sign of disagreement, corresponds with [the] definition of waiver as an 'intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *Id.* at 409 (quoting *GE Capital Corp.,* 203 S.W.3d at 316). Both parties must believe that additional negotiation would be futile; if either party genuinely believes negotiations are ongoing, that party cannot have

---

[3] *Cf. In re OOIDA Risk Retention Grp., Inc.,* No. 02-15-00238-CV, 2015 Tex. App. LEXIS 9449, at *13-14 (Tex. App.—Fort Worth Sept. 4, 2015, orig. proceeding) (citing *In re Universal Underwriters,* 345 S.W.3d at 411-12 and explaining that waiver of an appraisal clause requires a showing that (1) an impasse was reached as to settlement negotiations; (2) an unreasonable amount of time passed after the parties reached an impasse, and (3) the party suffered prejudice due to the delay).

intended to relinquish its right to appraisal. *Universal Underwriters,* 345 S.W.3d at 409; *see SCVT, Ltd. v. Nat'l Fire & Marine Ins. Co.,* No. V-13-069, 2014 U.S. Dist. LEXIS 114042 (S.D. Tex. Aug. 18, 2014) (concluding defendant insurer did not waive its right to an appraisal, court found its demand for appraisal, less than one month after both parties became aware at mediation of the futility of further negotiations, yet ten months after suit was filed, was within a reasonable time and did not indicate the defendant intentionally relinquished its right under the policy to demand an appraisal); *In re OOIDA Risk Retention Grp., Inc.,* 2015 Tex. App. LEXIS 9449, at *5 ("Merely filing suit does not inherently signal that the parties have mutually concluded that all future settlement negotiations would be futile").

Further, even after an impasse and the passage of an unreasonable amount of time, the party resisting appraisal must still show it was prejudiced. *Universal Underwriters,* 345 S.W.3d at 411. Prejudice is the harm caused by the insurer's unreasonable delay in invoking the process following an impasse. *OOIDA Risk Retention Grp., Inc.,* 2015 Tex. App. LEXIS 9449, at *16; *see SCVT, Ltd.,* 2014 U.S. Dist. LEXIS 114042, at *5 (finding plaintiff insured failed to demonstrate it was prejudiced by defendant insurer's delay, "unreasonable or otherwise"); *In re GuideOne Mut. Ins. Co.,* No. 09-12-00581-CV, 2013 Tex. App. LEXIS 599, at *3 (Tex. App.—Beaumont Jan. 24, 2013) (orig. proceeding) (mem. op.) (distinguishing between existence of dispute and development of impasse and noting that parties were still negotiating by engaging in mediation years after filing suit). But "it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal. If a party senses that impasse has been

reached, it can avoid prejudice by demanding an appraisal itself." *Universal Underwriters,* 345 S.W.3d at 412.[4]

It is unnecessary for us to consider whether an impasse occurred at mediation, as Century claims, or much earlier in the parties' dispute, as Jefferson claims. Even were we to assume the period from impasse to demand for appraisal was unreasonable, to establish Century waived the appraisal right required Jefferson to demonstrate prejudice. Jefferson argues when Century did not invoke appraisal it began preparing for trial and spent significant sums in that pursuit. But Jefferson initiated the litigation rather than first pursuing appraisal, participated in discovery, and otherwise prepared for trial. Jefferson made no showing it was prejudiced by Century's demand for appraisal. *See In re Cypress Tex. Lloyds,* 419 S.W.3d 443, 445 (Tex. App.—Beaumont 2012, orig. proceeding) (per curiam) (finding no prejudice and thus no waiver of appraisal right by insurer in case where policy gave insured and insurer equal right to demand appraisal, insurer gave notice in its answer that appraisal was a condition precedent to suit, and insureds did not demand appraisal; "When a party knows of its right to request an appraisal and does not make that request, it is difficult to attribute the costs incurred to the opponent"). We find the trial court abused its discretion by failing to compel appraisal according to the terms of the policy.

---

[4] *Cf. In re GuideOne Nat'l Ins. Co.,* No. 05-15-00981-CV, 2015 Tex. App. LEXIS 9079, at *2 (Tex. App—Dallas Aug. 27, 2015, orig. proceeding) (mem. op.), where the Dallas court found the trial court did not abuse its discretion in denying the insurer's motion to compel appraisal. But the facts in *In re GuideOne* differ in a significant way from those at bar. There appraisal was an option available only to the insurer. Thus when an impasse was reached the insured had little choice but to prepare for trial "incurr[ing] the costs of hiring experts to assess and value its damages for litigation purposes, thereby reducing or eliminating entirely the efficiencies appraisal is intended to provide."

Severance and Abatement

Claims that an insurer breached its contract of insurance and engaged in extra-contractual tortious conduct are by their nature independent claims. *In re Republic Lloyds,* 104 S.W.3d 354, 358 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (citing *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex. 1996) (orig. proceeding)). Generally, an insured will be unable to prevail on an extra-contractual claim without first proving the insurer breached the contract. *Id.* Texas courts have held a trial court abuses its discretion by denying a motion to sever and abate in a case against an insurer alleging a breach of contract and extra-contractual theories, when the insurer has made a settlement offer. *See, e.g., In re Allstate Prop. & Cas. Ins. Co.,* No. 02-07-00141-CV, 2007 Tex. App. LEXIS 4328, at *2 (Tex. App.—Fort Worth May 30, 2007, orig. proceeding) (mem. op.) (citing *Akin,* 927 S.W.2d at 629 and cases, and stating law is "well settled"); *In re St. Paul Surplus Lines Ins. Co.,* No. 14-12-00443-CV, 2012 Tex. App. LEXIS 4426, at *6 (Tex. App.—Houston [14th Dist.] June 1, 2012, orig. proceeding) (per curiam) (mem. op.) ("This court repeatedly has held that extra-contractual claims must be severed and abated when the insurer has made a settlement offer on the contract claim"); *cf. In re Trinity Universal Ins. Co.,* 64 S.W.3d 463, 468 (Tex. App.—Amarillo 2001, orig. proceeding) (finding insurer had a substantial right to the exclusion from evidence of its settlement offers and negotiations in the trial of the uninsured/underinsured claim). In such instances, the insurer lacks an adequate remedy by appeal because if all the insured's claims are tried together the settlement offer, which should not be admissible in trial of the contract claim, should be admitted in defense of the extra-contractual claims. *In re Allstate Prop. & Cas. Ins. Co.,* 2007 Tex.

App. LEXIS 4328, at \*3 (citing *United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding)); *State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding). And without abatement of the severed extra-contractual claims both parties would be put to unnecessary expense should the breach of contract claim be decided in the insurer's favor. *In re Allstate Prop. & Cas. Ins. Co.,* 2007 Tex. App. LEXIS 4328, at \*3 (finding abatement of the severed extra-contractual claims was necessary and noting "the court, as well as the parties, would be put to the expense and effort of preparing and trying extra-contractual claims that may be disposed of in the resolution of the breach of contract claim"); *In re St. Paul Surplus Lines Ins. Co.,* 2012 Tex. App. LEXIS 4426, at \*7 ("abatement is necessary because the scope of permissible discovery differs in contract and extra-contractual claims, and without abatement the parties will be required to conduct discovery on claims that may be disposed of in a previous trial").

Jefferson alleges Century breached the contract and committed various extra-contractual torts. Century made an offer to settle Jefferson's claims. We find the trial court abused its discretion by failing to sever and abate the extra-contractual claims.

## Conclusion

We conditionally grant the petition for writ of mandamus. The trial court is directed to vacate its August 10 and September 15 orders and in their place render orders: (1) granting Century's motion to compel appraisal; (2) severing and abating

Jefferson's extra-contractual claims.  The writ will issue only if the trial court fails to act in accordance with this opinion.


James T. Campbell
Justice
